Timothy W. **RICKS**, Plaintiff–Appellant,

v.

**UNITED STATES**, Defendant–Appellee.

No. 01–5099.

United States Court of Appeals, Federal Circuit.

Feb. 5, 2002.

Stewart J. Alexander, of San Antonio, TX, argued for plaintiff-appellant.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and James M. Kinsella, Deputy Director.

Before CLEVENGER, SCHALL and LINN, Circuit Judges.

CLEVENGER, Circuit Judge.

Timothy W. Ricks appeals the decision of the Court of Federal Claims, which dismissed his challenge to Air Force promotion procedures for failure to state a claim upon which relief can be granted. The Court of Federal Claims held that Mr. Ricks waived any entitlement to relief before the Court of Federal Claims by retiring from the Air Force voluntarily. *Ricks v. United States*, No. 00–427C (Fed.Cl. Mar. 29, 2001). We hold that because Mr. Ricks's retirement met the requirements of 10 U.S.C. § 632, his retirement must be considered involuntary by the terms of that statute. We therefore vacate the dismissal of Mr. Ricks's claim and remand for further proceedings.

I

The facts relevant to this appeal are not in dispute. Since 1947, the Air Force, like other service branches, has maintained an "up-or-out" promotion system. Officers below the rank of Lieutenant Colonel who are twice passed over for promotion must either be retired or be discharged, unless they are within two years of qualifying for retirement (in which case they may stay on active duty until qualified for retirement). 10 U.S.C. §§ 631, 632 (2000). The competitive promotion system is designed to ensure that only the most outstanding members of the officer corps are retained in service.

Mr. Ricks began active duty with the Air Force in 1979, eventually reaching the rank of Major. In November of 1992, Mr. Ricks was considered, but not selected, by a promotion board for promotion to Lieutenant Colonel. On May 3, 1993, before being considered for promotion to Lieutenant Colonel a second time, Mr. Ricks applied for early retirement. Ordinarily, Mr. Ricks would not yet have been eligible for retirement, since he lacked the twenty years of service required for regular Air Force officers to retire. See 10 U.S.C. § 8911 (2000). But in 1992 Congress passed the FY 1993 National Defense Authorization Act, one provision of which authorized the Secretary of the Air Force to permit early retirement of officers with fifteen to twenty years of service. Pub.L. 102–484, § 4403(b)(3)(A), 106 Stat. 2702 (1992). Since Mr. Ricks would not reach the fifteen-year mark until July of 1994, his application for retirement requested an effective date of August 1, 1994. His application listed "Voluntary Retirement" as the personnel action being requested. Mr. Ricks's application was approved, and on July 3, 1993, he was issued orders retiring him effective on his requested date of August 1, 1994.

In October of 1993, after Mr. Ricks had requested and been granted early retirement but before his retirement orders became effective, he was again considered by a promotion board. For a second time, Mr. Ricks was not selected for promotion to Lieutenant Colonel. Mr. Ricks was then retired from the Air Force when his previously issued retirement orders became effective on August 1, 1994.

In April of 1997, Mr. Ricks filed an application with the Air Force Board for the Correction of Military Records, claiming procedural errors in the deliberations of the boards that considered him for promotion. Mr. Ricks sought reinstatement to the Air Force and a retroactive promotion to the rank of Lieutenant Colonel. After the Board denied his request, Mr. Ricks filed a complaint in the Court of Federal Claims in July of 2000. His complaint alleged that the procedures employed by the promotion boards were not in compliance with the applicable statutes, regulations, and directives, thereby rendering his nonselection for promotion illegal. Mr. Ricks also complained that he was not selected for promotion because the Air Force had illegally imposed gender- and race-conscious retention and promotion goals in the selection process, violating his right to due process under the Fifth Amendment. Based on the theory that these violations made his separation from the Air Force illegal, his complaint sought back pay from the date of his separation, correction of his records to expunge his failure to be promoted, and consideration for reinstatement.

Acting upon the government's motion, the Court of Federal Claims dismissed Mr. Ricks's suit for failure to state a claim upon which relief could be granted, under Rule 12(b)(4) of the Rules of the Court of Federal Claims. The Court of Federal Claims based its dismissal on the fact that

when Mr. Ricks applied for early retirement in May of 1993, his decision to do so was entirely voluntary. At the time he applied for early retirement, and at the time his retirement orders were issued, he had been passed over for promotion only once and was not subject to mandatory retirement or discharge under the "up-or-out" system. Rather, his election was voluntary, pursuant to the early retirement provisions of section 4403(b)(3) of Pub.L. 102–484. In the absence of any other evidence showing that Mr. Ricks's retirement was involuntary, the court concluded that he retired voluntarily and by so doing waived any claims he might bring against the government in the Court of Federal Claims. Mr. Ricks appeals the dismissal of his suit by the Court of Federal Claims, an appeal over which we exert exclusive jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II

■ Whether a suit states a claim upon which relief can be granted is a question of law, and we therefore review without deference a dismissal from the Court of Federal Claims for failure to state a claim. *N.Y. Life Ins. Co. v. United States*, 190 F.3d 1372, 1377–78 (Fed.Cir.1999). The sole issue in this appeal is whether Mr. Ricks's retirement was pursuant to 10 U.S.C. § 632. In relevant part, 10 U.S.C. § 632 provides:

(a) [E]ach officer of the ... Air Force ... who holds the regular grade of captain or major ... who has failed of selection for promotion to the next higher regular grade for the second time and whose name is not on a list of officers recommended for promotion to the next higher regular grade shall

(1) be discharged on the date requested by him and approved by the Secre-

tary concerned, which date shall not be later than the first day of the seventh calendar month beginning after the month in which the President approves the report of the board which considered him for the second time;

(2) if he is eligible for retirement under any provision of law, be retired under that law on the date requested by him and approved by the Secretary concerned, which date shall be not later than the first day of the seventh calendar month beginning after the month in which the President approves the report of the board which considered him for the second time; or

(3) if on the date on which he is to be discharged under clause (1) he is within two years of qualifying for retirement under section 3911, 6323, or 8911 of this title, be retained on active duty until he is qualified for retirement and then retired under that section, unless he is sooner retired or discharged under another provision of law.

(b) The retirement or discharge of an officer pursuant to this section shall be considered to be an involuntary retirement or discharge for purposes of any other provision of law.

■ Section 632(a) provides for the retirement or discharge of an officer who has twice failed selection for promotion, while section 632(b) stipulates that retirement or discharge pursuant to section 632(a) shall be treated as an involuntary retirement or discharge "for purposes of any other provision of law." We have already held that the language "for purposes of any other provision of law" applies to any legal actions taken by the retired officer, including challenges to military personnel matters justiciable before the Court of Federal Claims. *Rigsbee v. United States*, 226

F.3d 1376, 1379–80 (Fed.Cir.2000). Consequently, an officer retired pursuant to section 632(a) does not forfeit any claims of procedural violations that existed at the time of his or her retirement, and a suit by such an officer may state a claim upon which relief can be granted. *Id.* at 1380.

 It is undisputed that when Mr. Ricks decided to retire in May of 1993, he was under no compulsion or requirement to retire, since he had been passed over for promotion only once. But Mr. Ricks contends that although he decided to retire voluntarily, his retirement became involuntary by the operation of section 632(b) because he met all the criteria set forth in section 632(a) when he actually retired. The government does not dispute that had Mr. Ricks not already applied for voluntary retirement, he would have been forced to retire under section 632(a)(2) when he was passed over for the second time. We must therefore decide, as a matter of first impression, whether an officer's retirement is "pursuant to" 10 U.S.C. § 632 if he has been passed over for promotion twice at the time of his retirement, even if his retirement was not subject to 10 U.S.C. § 632 at the time he applied for or was granted retirement. This question is one of statutory interpretation, which is a matter of pure law reviewed *de novo. Rigsbee*, 226 F.3d at 1378.

### III

Our decision must rest on the bare words of the statute alone, since neither legislative history nor precedent addresses this question. Section 632 was codified by the Personnel Management Act of 1980, which explicitly maintained the "up-or-out" system of the Officer Personnel Act of 1947. The legislative history of the Per-

sonnel Management Act provides a brief description of the mandatory retirement and separation provisions of the law, but does not mention the various provisions of the Act that declare certain kinds of retirements or separations to be involuntary. *See* H.R.Rep. No. 96–1462, at 45 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6333, 6375. Nor does the text or history of the 1947 Act address the issue before us.

 Reduced to the essentials applicable to Mr. Ricks, section 632(a) requires that each officer of the Air Force who holds the regular grade of Major, who has failed of selection for promotion to the next higher regular grade for the second time shall, if he is eligible for retirement under any provision of law, be retired under that law on a date requested by him and approved by the Secretary, that date being not later than seven months after the President approves the selection board report. 10 U.S.C. § 632(a) (2000). Assuming Mr. Ricks retired within the seven-month limit (a point the government has not contested),[1] Mr. Ricks indisputably met all the criteria of section 632(a) at the time he retired. He was an officer of the Air Force, holding the rank of Major, who had failed of selection for promotion for the second time, who was eligible for retirement under a provision of law (the early retirement offered by section 4403(b)(3)), and who was retired under that law on the date requested by him and approved by the Secretary. Mr. Ricks was certainly retired in accordance with, or in compliance with, the criteria set forth by section 632(a). "Pursuant to" may be defined as "in compliance with," "in accordance with," "as authorized by," or "under." *Black's Law Dictionary* 1250 (7th

---

1. Several months typically elapse before the report of a promotion board is approved by the President. The parties have not indicated on what date the President approved the report of the second board that considered Mr. Ricks for promotion.

ed.1999). Given that Mr. Ricks's retirement was in accordance with all the criteria set forth by section 632(a), we must hold that his retirement was "pursuant" to section 632(a).

█ Although Mr. Ricks's retirement may have been voluntary when he first applied for it, we find no reason why that origin should preclude it from becoming pursuant to section 632(a) by the time Mr. Ricks retired. The statute declares that "retirement" pursuant to section 632 shall be considered involuntary. This language dictates an objective examination of the act of retirement itself, not its genesis, and does not require the motivation for retirement to arise from section 632. We therefore hold that whether a retirement is pursuant to section 632 depends not on the circumstances under which that retirement is applied for or granted, but rather on whether the retiree meets the criteria of section 632(a) on the date his or her retirement becomes effective.[2]

The Court of Federal Claims held that Mr. Ricks did not retire involuntarily because he did not meet the criteria of section 632(a) at the time he decided to retire, concluding: "Major Ricks applied for voluntary early retirement after having been *once* passed over for promotion. Thus, Plaintiff's election was not made pursuant to 10 U.S.C. § 632." *Ricks,* slip op. at 5. By basing its holding on the circumstances of Mr. Ricks's decision to retire, the Court of Federal Claims erred. Section 632(a) speaks only of retirement itself, not the election to retire or the decision to retire, and therefore the appropriate date to assess compliance with section 632(a) is the date of retirement. Likewise, the fact that Mr. Ricks applied for voluntary early retirement is not relevant to whether his retirement was pursuant to section 632. If section 632(b) declares a retirement involuntary, then that is the end of the matter, and neither Mr. Ricks's subjective intent nor the formalities of his retirement papers can have any influence on that conclusion. *See Rigsbee,* 226 F.3d at 1379 (explaining that qualification under section 632(b) overcomes any indicators of voluntariness); *Adkins v. United States,* 68 F.3d 1317, 1321–22 (Fed.Cir.1995) (holding that formal application for voluntary retirement will not preclude retirement from being considered involuntary by operation of statute).

The government argues that Mr. Ricks's retirement cannot be pursuant to 10 U.S.C. § 632(a) because it was based on section 4403(b)(3) of the FY 1993 National Defense Authorization Act, rather than on section 632(a). But an officer's retirement "pursuant to" section 632 must always be based on another provision of law, rather than on section 632(a), because section 632(a) bestows no substantive right to retire. Section 632(a)(2) provides that an officer shall "if he is eligible for retirement under any provision of law, be retired under that law." Even when an officer has not applied for voluntary retirement and is then twice passed over, he cannot take advantage of section 632(a)(2) unless he is ·eligible to retire and in fact retires under a provision of law other than section 632(a). In Mr. Ricks's case that other provision of law was section 4403(b)(3) of the FY 1993 National Defense Authorization Act, but that fact alone does not distinguish him from any other officer who is retired under section 632(a)(2).

Nor has the government identified any prejudice to itself-other than permitting

2. Of course, for purposes of section 632(a)(2), a retiree is "eligible for retirement" on the date of his or her actual retirement.

officers in Mr. Ricks's situation to challenge the proceedings of their selection boards-that would counsel us against reaching this interpretation of the statute. Had Mr. Ricks applied for early retirement under section 4403(b)(3) in November (after his second nonselection) rather than May of 1993, the government would not dispute that his retirement was involuntary. For that matter, had Mr. Ricks originally selected a retirement date several months later than the August 1994 date he did select, once he was passed over for the second time the operation of section 632 would have forced him to retire slightly earlier than planned—and there would be no question that his retirement was involuntary. Nothing in the text or history of section 632 indicates that Congress intended the application date to be dispositive of whether a retirement should be considered involuntary or not.

### CONCLUSION

We hold that a military officer's retirement is "pursuant to" 10 U.S.C. § 632 if, on the effective date that the officer is retired, the retirement meets the criteria set forth in 10 U.S.C. § 632(a). If Mr. Ricks met those criteria on the date that he retired, then his retirement was involuntary under 10 U.S.C. § 632(b) and his claim may not be dismissed on the grounds that his voluntary retirement waived any entitlement to relief before the Court of Federal Claims. We therefore vacate the dismissal of Mr. Ricks's action and remand his case for further proceedings.

### VACATED AND REMANDED