**Henry L. CHISOLM, Jr., Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 99–515C.**

United States Court of Federal Claims.

April 26, 2005.

---

26. The Court ruled orally on April 6, 2005, and granted Defendant 30 days from the date of that

Guy J. Ferrante, King and Everhard, P.C., Springfield, VA, for plaintiff.

J. Reid Prouty, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant, with whom on the brief were David M. Cohen, Director, James M. Kinsella, Deputy Director, and Peter D. Keisler, Assistant Attorney General.

ruling within which to reassert the privilege.

## ORDER AND OPINION

MARGOLIS, Senior Judge.

Henry Chisolm filed suit in this Court seeking military pay and allowances pursuant to 28 U.S.C. § 1491(a)(2) and 37 U.S.C. § 204(a). Plaintiff asked this Court to order the Air Force to delete the 1993 and 1994 promotion non-selections, void plaintiff's 1995 retirement, and have his records reflect that he served on continuous active duty until lawfully separated. On June 21, 2001, this Court granted defendant's Motion for Judgment on the Administrative Record. *See Chisolm v. United States,* 49 Fed. Cl. 614 (2001) ("*Chisolm I*"). Plaintiff appealed *Chisolm I* and on July 10, 2002, the Court of Appeals for the Federal Circuit ("the Federal Circuit") found that the Air Force Board for Correction of Military Records ("AFBCMR" or "the Board") "acted in an arbitrary and capricious manner" and subsequently vacated and remanded the matter to this Court for further remand to the AFBCMR. *Chisolm v. United States,* 41 Fed.Appx. 394 (Fed.Cir. 2002) ("*Chisolm Appeal*"). On remand, the AFBCMR concluded that their initial decision was correct and sustained their previous determination. In response, plaintiff renewed its summary judgment motion in this Court, claiming that the AFBCMR decision was arbitrary, capricious, and unsupported by substantial evidence on the record. On October 19, 2004, this Court granted plaintiff's renewed motion for summary judgment. The Court requested additional briefing by the parties to determine whether it could order the relief requested by plaintiff, or in the alternative, should remand the matter to the Board to take appropriate action consistent with the Court's October 19, 2004 order. After careful consideration, this Court REMANDS the matter to the Board with the instruction that the Board make the appropriate record corrections. The Board is also instructed to forward plaintiff's record to a Special Selection Board ("SSB") to consider plaintiff for promotion in light of the record corrections that will have been made.

## DISCUSSION

Plaintiff claims he is entitled to back pay and allowances pursuant to 28 U.S.C. § 1491(a)(2) and 37 U.S.C. § 204(a). Plaintiff also requests the Court to order the Air Force to delete the 1993 and 1994 promotion non-selections, void plaintiff's 1995 retirement, and have his records reflect that he served on continuous active duty until lawfully separated. Plaintiff asserts that under the Tucker Act the Court may award equitable relief only "incident of and collateral to" a money judgment. 28 U.S.C. § 1491(a)(2). Thus, according to plaintiff, if the Court does not award him back pay and allowances, it can not direct any corrections to his record. Plaintiff asserts that the Federal Circuit's recent decision in *Roth v. United States,* where the court was unpersuaded by the plaintiff's similar argument in that case, flies directly in the face of this fundamental Tucker Act principle and that *Roth* should not be followed here. 378 F.3d 1371, 1395 (2004).

Defendant, on the other hand, asserts that the Court does not possess the authority to make its own decision regarding plaintiff's entitlement to a Definitely Promote ("DP"). Defendant points out that at this point in the litigation, all that has been established by this Court is that the AFBCMR's reasoning upon remand was flawed. Citing the principle that the court will not substitute its judgment for that of the board's, *Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed.Cir.1986), defendant asserts that because it is not at all apparent that the Board wrongfully withheld a DP from plaintiff, it would be improper for the Court to make this determination. Defendant contends that the Board, not the Court, should conduct the appropriate evaluation.

Further, defendant asserts that under *Roth,* the next appropriate step is consideration by an SSB with a corrected record. *See* 378 F.3d at 1395. Defendant asserts that under *stare decisis,* this Court must follow Federal Circuit rulings, and accordingly, the Court should remand plaintiff's case to an SSB. Defendant contends that only if the SSB finds that plaintiff should have been promoted, should he be entitled to back pay and return to active duty.

*Roth* involved a former Air Force officer who brought suit against the United States,

seeking reinstatement into the Air Force, back pay, allowances, correction of his military records and voidance of his promotion nonselections. 378 F.3d at 1374–75. In *Roth,* the Federal Circuit stated that generally, the proper approach after a correction board makes record corrections is for the board to decide for itself whether or not to convene SSBs. *Id.* at 1393. In the *Roth* case, however, the court held that the appropriate course was to remand the case to the Board with the instruction that the Board correct the plaintiff's record and convene SSBs for the plaintiff's two previous selection boards. The court reasoned that "[i]n view of the record corrections that will be made in Mr. Roth's record, we conclude that the actions of the original selection boards that considered Mr. Roth for promotion involved, at a minimum, material error of fact, and that it would be arbitrary and capricious for the Board not to convene SSBs." *Id.* at 1394.

Here, like *Roth,* the appropriate course is to remand the case to the Board with the instruction that the Board correct Chisolm's record and then convene SSBs to determine whether or not he was entitled to a DP. The original Board that considered Chisolm for promotion, acted as stated by the Federal Circuit, "in an arbitrary and capricious manner in disregarding contrary evidence without analysis and accepting as dispositive the evaluation board president's opinion that Chisolm's missing Officer Performance Report ('OPR') would not have made a difference in the Management Level Evaluation Board's ('MLEB') final recommendation to the selection board." *Chisolm v. United States,* 41 Fed.Appx. at 395–96. Like *Roth,* the errors in Chisolm's record entitle him to an SSB, and only if the SSB finds that he should have been promoted, should he be entitled to back pay and return to active duty.

Further, the Federal Circuit in *Roth* held that the Court of Federal Claims erred when it voided the plaintiff's two nonselections for promotion to lieutenant colonel and ordered him reinstated to active duty with back pay and benefits. 378 F.3d at 1395. The court based its decision on two earlier cases, *Porter v. United States* 163 F.3d 1304, 1321 (Fed.

Cir.1998), and *Richey v. United States,* 322 F.3d 1317, 1328 (Fed.Cir.2003), where the Federal Circuit held that a recommendation to convene an SSB did not need to be coupled with a voidance of previous nonselections for promotion. Notably, the *Roth* court concluded that the Court of Federal Claims had gone *too far* in voiding the plaintiff's previous nonselections for promotion, based on its holdings in *Porter* and *Richey.* 378 F.3d at 1394. As the court observed in *Porter:*

> The promotion of an officer in the military service is a highly specialized function involving military requirements of the service and the qualifications of the officer in comparison with his contemporaries, plus expertise and judgment possessed only by the military. No court is in a position to resolve and pass upon the highly complicated questions and problems involved in the promotion procedure, which includes, but is not limited to, an analysis of the fitness reports and personnel files and qualifications of all the officers considered. . . .

163 F.3d at 1316–17, *quoting Brenner v. United States,* 202 Ct.Cl. 678, 693–94, 1973 WL 21354 (1973).

Following the precedent established in *Roth,* this Court does not have the authority to void Chisolm's promotion nonselections and retirement, and then award back pay and allowances at this stage. Instead, the Court remands the case to the Board for further proceedings, with the direction that the Board make the appropriate record corrections and remand the case to an SSB to determine whether or not Chisolm was entitled to a DP. This Court notes that *Roth* held that the Court of Federal Claims does not need to reinstate plaintiff and award him back pay in order to subsequently order corrections to his record. *Roth,* 378 F.3d at 1395, FN 16. The court in *Roth* stated that "[i]t is illogical to contend that the court, before ordering corrections to an officer's record, must first reinstate him and award him back pay—the reinstatement and award of back pay only follow after sufficient severity of the errors in the officer's record is established on the merits." *Id.*

### CONCLUSION

For the foregoing reasons, the Court RE-MANDS the case to the Air Force Board for Correction of Military Records for further proceedings with the direction that the Board: 1) make the appropriate record corrections; and 2) remand the case to an SSB to determine whether or not Chisolm was entitled to a promotion. The Board shall complete its proceedings by **July 29, 2005.**