Stephen W. RICHEY, Plaintiff–
Appellee,

v.

UNITED STATES, Defendant–
Appellant.

No. 02–5058.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 11, 2003.

Jack E. Carter, of Fayetteville, NC, argued for plaintiff-appellee.

Steve Gillingham, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for defendant-appellant. On the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; James M. Kinsella, Deputy Director; and William C. Peachey, Attorney. Of counsel on the brief were Major Joseph C. Fetterman, and Major Scott Reid, United States Army Legal Services Agency, Litigation Division, of Arlington, VA.

Before MICHEL, LOURIE, and DYK, Circuit Judges.

DYK, Circuit Judge.

The United States ("the government") appeals from the United States Court of Federal Claims' grant of summary judgment in favor of the appellee, Stephen W. Richey ("Richey").

Richey, a former Army officer, sought reinstatement to active duty, alleging that he was denied promotion due to two erroneous Officer Evaluation Reports ("OERs"). The court ordered the reinstatement to active duty of Richey, because the Army Board for the Correction of Military Records ("the Corrections Board") failed to comply with that court's earlier order to make specific findings of fact and conclusions of law regarding, *inter alia*, the alleged nexus between an erroneous 1989 OER and the Army's failure to promote Richey. *Richey v. United States,* 50 Fed.Cl. 3, 17 (Fed.Cl.2001) (*"Richey II"*). We hold that the Court of Federal Claims was without authority to require the Corrections Board to make such findings; that the court failed to comply with this court's decision in *Porter v. United States,* 163 F.3d 1304 (Fed.Cir.1998), *cert. denied,* 528 U.S. 809, 120 S.Ct. 41, 145 L.Ed.2d 37 (1999); that the Corrections Board properly referred the matter of Richey's promotion to a series of Special Selection Boards ("SSBs"); and that Richey has not shown that the SSB decisions were arbitrary and capricious or contrary to law. We accordingly reverse, and remand with instructions to dismiss the complaint with prejudice.

## BACKGROUND

This case has a tortuous history. The opinions of the Court of Federal Claims in this matter provide a full description of that history. *Richey v. United States,* 44 Fed.Cl. 577, 578–581 (Fed.Cl.1999) (*"Richey I"*); *Richey II,* 50 Fed.Cl. at 5–11. We simply summarize here the relevant facts.

Richey, a former captain in the Regular Army, received two adverse OERs while in the service. The first OER covered the period from December 3, 1988, through September 15, 1989 ("1989 OER"), during which time Richey was a Squadron Maintenance Officer stationed at Fort Bliss, Texas. *Richey II* 50 Fed.Cl. at 5. One of Richey's raters, Major Stephen M. Speakes ("Speakes"), stated in the 1989 OER that Richey "was just not the man for the job and it showed. He would be better utilized in a concepts and doctrinal line of work where his intellect could be better utilized." *Id.* at 5–6 (citation omitted). The second OER covered the period from January 29, 1991, through April 18, 1991 ("1991 OER"), during which time Richey was serving in Southwest Asia in Operation Desert Storm. *Id.* at 7. In the 1991 OER, Richey was rated below the average of his contemporaries. *Id.*

While still in the service, Richey unsuccessfully petitioned the Officer Special Review Board ("OSRB") for the removal of both OERs. *Id.* at 6, 7. Richey alleged that the 1989 OER was erroneous due to a hostile relationship between Richey and his rater, Speakes, and because he was not responsible for the inefficiency and incompetence of the regiment. *Id.* at 6. With regard to the 1991 OER, Richey contended that the senior rater had incorrectly evaluated the comparison of Richey with other officers of the same grade under Army Reg. 623–105 ¶ 4–16(b), because the senior rater had generally rated other officers too high, such that the rated scores did not fall along a bell curve. *Id.* at 7. The OSRB denied Richey's petitions for removal of the OERs.

Richey then appealed the OSRB's denials to the Corrections Board, which denied relief. *Id.* at 6–8. On April 1, 1996, after twice being passed over for promotion to the rank of major by selection boards that

considered the adverse OERs, Richey received an involuntary honorable discharge, pursuant to the Army's "up or out" policy. *Id.* at 5.

Richey filed suit in the Court of Federal Claims on July 15, 1997, claiming that the discharge was improper because it was the result of the two allegedly erroneous OERs. *Id.* at 4. While the case was pending, on November 9, 1998, we issued our decision in *Porter*, 163 F.3d at 1323–24. Before *Porter*, as discussed in greater detail below, this court's precedent required that, in a suit claiming relief on account of wrongful separation or relief from active duty, two elements had to be established in order for the plaintiff to prevail: "(a) there was a material legal error or an injustice in the proceedings of the correction board, or other entity within the military department, which led to the adverse action against [the plaintiff], and also (b) that there is an adequate nexus or link between the error or injustice and the adverse action." *Hary v. United States*, 223 Ct.Cl. 10, 618 F.2d 704, 706 (1980), *superseded by statute as stated in Porter*, 163 F.3d at 1323–24; *see also Engels v. United States*, 230 Ct.Cl. 465, 678 F.2d 173, 175 (1982); *Sanders v. United States*, 219 Ct.Cl. 285, 594 F.2d 804, 815 (1979) (*en banc*). In *Porter* we held that the enactment of 10 U.S.C. § 628 superseded this precedent, insofar as that precedent required proof of lack of causation in all cases. 163 F.3d at 1323–24. We held that under section 628, once it is determined that the initial promotion board's decision involved administrative error, the matter should be referred to a Special Selection Board ("SSB") for a determination of whether to promote the officer based on a military record purged of the error, and that an SSB determination not to promote is dispositive. *Id.*

On cross-motions for summary judgment on the administrative record, over ten months after our decision in *Porter*, the Court of Federal Claims remanded the case to the Corrections Board. *Richey I*, 44 Fed.Cl. at 587. In its opinion, the court failed to rely on or even cite to our controlling opinion in *Porter*. Instead, the court concluded that in order to determine whether Richey's removal was improper, it was required to apply the two-part test of *Hary*, the decision effectively overruled by section 628. *Id.* at 582 (*citing Hary*, 618 F.2d at 706). The court determined that it could not apply the *Hary* test with regard to the 1989 OER, because the Board's opinion was "vague and conclusory." *Id.* at 584. The court found that "the administrative record is deficient in that this court cannot properly determine from said record the merits of Mr. Richey's contentions." *Id.* The court, therefore, remanded to the Corrections Board with instructions to make specific, numbered findings of fact and conclusions of law regarding "external circumstances that could have affected Mr. Richey's job performance," "the degree to which the rater was biased against Mr. Richey," and the nexus between the 1989 OER and Richey's non-promotion. *Id.* at 585.

The court found that the 1991 OER was tainted with error. Following *Hary*, the court ordered the Corrections Board "to make findings regarding the nexus between the 1991 OER, which we find to be in error, and Mr. Richey's nonpromotion." *Id.* at 587. The court retained jurisdiction over the case and deferred ruling on the motions for summary judgment "until the Corrections Board's factual findings and legal conclusions on remand are presented to this court." *Id.* The court also ordered the government "to file with the court every 30 days a status report regarding the proceedings on remand." *Id.*

On remand, after holding an evidentiary hearing, the Corrections Board determined that the 1991 OER was "substantially inac-

curate because of procedural error on the part of the senior rater" in comparing Richey with officers of the same grade. *Richey II,* 50 Fed.Cl. at 10. Therefore, the Corrections Board ordered that the 1991 OER be corrected to award Richey a " 'top block' or highest rating for the period." *Id.* at 10. The Corrections Board initially determined that the 1989 OER "was not substantially inaccurate," but the Assistant Secretary of Army Review Boards ("the Secretary") overruled this determination and ordered that the 1989 OER be deleted from Richey's record. *Id.* Thus, both OERs were determined to be erroneous. However, rather than determining whether there was a nexus between the erroneous OERs and Richey's non-promotion, the Corrections Board submitted Richey's military record to four separate SSBs, pursuant to 10 U.S.C. § 628(b), for a decision as to whether Richey should be promoted to the rank of Major. *Id.*

The first two SSBs considered Richey's military record with the correction of the 1991 OER as ordered by the Board, but without the deletion of the 1989 OER, and denied Richey's application for promotion. *Id.* at 11. The second two SSBs considered Richey's military record with both the 1989 OER deleted and the 1991 OER corrected, but also declined to promote Richey. *Id.* Pursuant to section 628, the SSBs submitted written reports to the Secretary that were signed by each member of the Board and certified that "[t]he board, acting under oath and having in view the special fitness of an officer and the efficiency of the Army, has carefully considered the record of every officer whose name was furnished to it under Section 628, Title 10." (J.A. at 196, 201).

Throughout the period of time between the Court of Federal Claims' first remand of August 26, 1999, and the decision on appeal of July 18, 2001, the court required the government to file monthly status reports regarding the progress of the remand proceedings. During this period the court remanded the case back to the Corrections Board an additional three times, on November 21, 2000, February 21, 2001, and June 26, 2001, in order to "request[ ] certain specific findings which were either not made by the [Board] or not submitted to the court." *Richey II,* 50 Fed.Cl. at 5. On June 29, 2001, the government submitted to the court the SSB decisions denying Richey promotion on his corrected military record. The government also filed with the court copies of Richey's complete military record as it appeared before each of the four SSBs.

On this record, the Court of Federal Claims considered anew the cross motions for judgment on the administrative record. Once again, despite our decision in *Porter,* the court stated its conclusion that it was bound to apply the two-part test articulated in *Hary. Id.* at 13. With regard to the 1991 OER, the court determined that although the government "has not, as per our previous orders, submitted to the court any document clearly indicating what standards the SSBs applied in rendering their decisions," *id.* at 15, it would "defer to [the SSBs'] ultimate conclusion that Capt. Richey would still not have been promoted in 1994 and 1995 [absent the erroneous 1991 OER]." *Id.* at 16.

With regard to the 1989 OER, however, the court came to a different conclusion. The court found that the Corrections Board had failed to address the second (nexus) element of *Hary,* as the court had directed in its remand order. The court noted, "[t]his question regarding the 'nexus' between the erroneous and adverse 1989 OER and Capt. Richey's nonpromotion ('the harmless error' test) was responded to by the [Corrections Board] in a conclusory fashion." *Id.* at 17. Because of this omission, the court found, "we are

unable to properly determine if the clear legal error committed by defendant was 'harmless error' to Capt. Richey under the *Hary* test enunciated by our first opinion in this case." *Id.* at 19–20. The court further found that it could not determine if the non-promotion decisions of the SSBs were proper, because "the text of the four (4) SSBs' decisions do[es] not show what standards they used and how they justified making their determination denying Capt. Richey's application for promotion." *Id.* at 18. The court stated that "the SSBs' decisions submitted to us were wholly conclusory and, apparently, a 'rubber stamping' of the [Board's] ultimate conclusion to deny Capt. Richey Relief." *Id.* The court expressed doubt that an additional remand would "likely generate answers to our questions previously posed to [the government]." *Id.* at 19.

Therefore, the court decided, "we will render a decision herein with what we have before us." *Id.* The court then concluded that because the 1989 OER was tainted with legal error and because of the failure of the Board to address the "nexus" question, it would grant Richey the following relief:

> [Richey] shall be reinstated to his former position of Captain in the Regular Army from the date of this invalid honorable discharge until such time as his record is properly passed upon by a Special Selection Board, or other duly authorized body, with a reasoned and fully expressed decision indicating that his application for promotion or permanent rank was evaluated fairly as required by law. Additionally, we order that any subsequent decision by the Army regarding any prospective request by Capt. Richey for promotion is not to be applied retroactively to a date prior to this opinion.

*Id.* The court also awarded Richey all attendant back pay and benefits from the date of his discharge to the date of the court's opinion, an after-tax payment in the amount of $113,638.18, and "all additional relief as determined by the Secretary of the Army and to which plaintiff is entitled." *Richey v. United States*, No. 97–478C (Fed.Cl. Nov. 14, 2001) ("Judgment").

For the first time the court addressed the conflict between its approach and our decision in *Porter*. The court recognized that "[o]ur ruling here, however, is in some conflict with a portion of the *Porter* decision." *Id.* at 21. But the court evidently disagreed with *Porter's* reading of the statute. After summarizing the holding of *Porter*, the court stated that the rule of *Porter* constituted "a position we reject because of the plain language of 10 U.S.C. § 628 and the distinguishing facts of this case." *Id.* at 21. Specifically the court took issue with *Porter's* holding that SSB decisions relate back to and stand in the place of original promotion board decisions, stating, "we do not believe 10 U.S.C. § 628 requires a relation back in all instances." *Id.* at 22. The court attempted to distinguish *Porter* on the grounds that in *Porter*, the court "apparently, had a complete record before it," whereas, in contrast, "[w]e have no such decision; we have only naked conclusions made by the SSBs involved, stated to us as four (4), nearly identical, one-page decisions." *Id.* at 21. The court therefore held that in the present case, the failure of the Corrections Board to demonstrate harmless error would result in the reinstatement of Richey.

The government timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). "We review the grant or denial of motions for summary judgment upon the administrative record without deference." *Info. Tech. & Applications Corp. v. United States*, 316 F.3d 1312, 1318 (Fed.Cir.2003).

## DISCUSSION

### I

■ There is no longer any issue here concerning the erroneous nature of the 1989 and 1991 OERs, and there is no question but that these OERs were improperly considered by the original selection boards that declined to promote Richey. The first question in this case is whether the Court of Federal Claims had authority to require the Corrections Board to make findings regarding the nexus between Richey's erroneous OERs and Richey's non-promotion. We hold that under our decision in *Porter*, it did not.

■ Congress has given the military secretaries the power to correct military records using civilian Corrections Boards. 10 U.S.C. § 1552(a)(1) (2000). An officer seeking correction of military records may either apply as an initial matter to a Corrections Board, or file suit under the Tucker Act in the Court of Federal Claims. *Heisig v. United States*, 719 F.2d 1153, 1155 (Fed.Cir.1983). If an officer elects to pursue a remedy before the Corrections Board, after the Board renders a final decision, the officer may effectively obtain review of that decision in the Court of Federal Claims by filing suit under the Tucker Act. *Sanders*, 594 F.2d at 811. Typically, if suit is filed just in the Court of Federal Claims, that court will require resort to a Corrections Board while the matter remains pending in that court.

The Tucker Act, as amended, gives the Court of Federal Claims the authority "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2) (2000). But this provision does not give the Court of Federal Claims unlimited authority to require subordinate bodies to conduct investigations and find facts. Any remand must be consistent with the statutory scheme under which the agency has taken action. In the present case, the Court of Federal Claims' remand to the agency requiring it to make a nexus finding went beyond its authority, because under 10 U.S.C. § 628(b), in cases such as this, the Corrections Board should not make a nexus finding, but rather should refer the officer's military record, purged of its errors, to an SSB for a determination of whether the officer should be promoted.

Before the enactment of section 628 in 1980, our decisions in *Sanders*, Hary, and *Engels* would have supported the action taken by the Court of Federal Claims in this case. In *Sanders*, we held that, where an officer demonstrates that his military record contains defective OERs, the ultimate burden is on the government to show that the officer would not have been promoted had his record contained no error. 594 F.2d at 818. In *Hary*, we further refined the test of *Sanders*, holding that in order for a claimant to prevail, it must be shown that:

> (a) there was a material legal error or an injustice in the proceedings of the correction board, or other entity within the military department, which led to the adverse action against him, and also (b) that there is an adequate nexus or link between the error or injustice and the adverse action.

618 F.2d at 706.

In *Porter*, however, we held that the enactment of section 628, at least in large part,[1] had overruled those decisions, inso-

---

1. The court in *Porter* noted, without deciding, that some types of egregious error, "such as impermissible consideration of race, sex or religion, or instances of an illegally composed selection board," might justify the Board in voiding the non-promotion decision and the discharge without referring the matter to a

far as they required the government to prove harmless error. *163 F.3d at 1323–24.* Section 628(b)(1) provides:

> If the Secretary of the military department concerned determines, in the case of a person who was considered for selection for promotion by a promotion board but was not selected, that there was material unfairness with respect to that person, the Secretary may convene a special selection board under this subsection to determine whether that person (whether or not then on active duty) should be recommended for promotion. In order to determine that there was material unfairness, the Secretary must determine that
>
> > (A) the action of the promotion board that considered the person was contrary to law or involved material administrative error; or
> >
> > (B) the board did not have before it for its consideration material information.

10 U.S.C. § 628(b)(1) (2000). The statute prescribes how an SSB should make the promotion decision:

> A special selection board convened under paragraph (1) shall consider the record of the person whose name was referred to it for consideration as that record, if corrected, would have appeared to the board that considered him. That record shall be compared with the records of a sampling of those officers of the same competitive category who were recommended for promotion, and those officers who were not recommended for promotion, by the board that considered him.

10 U.S.C. § 628(b)(2) (2000). Upon reaching a decision, the statute requires that the SSB submit a written report to the "Secre-

tary of the military department concerned," which is "signed by each member of the board, containing the name of each person it recommends for promotion and certifying that the board has carefully considered the record of each person whose name was referred to it." 10 U.S.C. § 628(c) (2000).

In *Porter* we held that once it is determined that the initial selection board's decision "involved material administrative error," nothing in this statute requires the Secretary, acting through the Corrections Board, to make a harmless error determination. *163 F.3d at 1323.* Instead, under the statute, as interpreted in *Porter,* the Corrections Board should refer the matter to an SSB, which decides whether to promote the officer based on his corrected military record, and, therefore, "the harmless error rule has no application." *Id.*

Once the SSB renders a decision, review of that decision is available by the Corrections Board and, thereafter under section 628, by the Court of Federal Claims under essentially an Administrative Procedure Act standard of review:

> A court of the United States may review the action of a special selection board convened under this section or an action of the Secretary of the military department concerned on the report of such a board. In any such case, a court may set aside the action only if the court finds that the action was—
>
> > (A) arbitrary or capricious;
> >
> > (B) not based on substantial evidence;
> >
> > (C) a result of material error of fact or material administrative error; or

Special Selection Board. *163 F.3d at 1321.* The present case does not involve these types

of error.

(D) otherwise contrary to law.

10 U.S.C.A. § 628(g)(2) (West Supp.2002).

On the Court of Federal Claims' remand in this case, the Corrections Board exactly followed the procedure provided for in the statute and described in *Porter.* The Corrections Board determined that the 1991 OER was erroneous and that the 1989 OER was not erroneous. The Corrections Board then convened two SSBs to review Richey's military record as corrected. Neither SSB selected Richey for promotion. After the Secretary determined that the 1989 OER was also substantially erroneous, the Corrections Board convened two additional SSBs to consider Richey for promotion based on a completely purged military record. Neither of these SSBs selected Richey for promotion. The Court of Federal Claims had no authority to order the Corrections Board to make a finding on the issue of causation and then to grant Richey summary judgment, based on the Corrections Board's failure to make a causation finding. The Corrections Board was not required to make a causation finding and was entitled to refer the matter to the SSBs under section 628 and our decision in *Porter.*[2]

## II

The question remains whether the decisions of the SSBs not to promote Richey were erroneous. Richey claims that they were. However, Richey fails to raise a substantial issue for two separate reasons.

▬▬▬ First, Richey, by his own admission, failed to request review of the SSB decisions at the Corrections Board, before returning to the Court of Federal Claims. There is no question that such a remedy is available. We observed in *Porter* that "[i]f an officer meets an SSB unsuccessfully and can point to a material flaw in the SSB's procedures arguably undermining the SSB's nonselection judgment, he may petition the corrections board to alter or void the SSB's decision." 163 F.3d at 1325. Generally in military discharge cases, there is no requirement that a claimant exhaust his remedies before the Corrections Board before seeking relief in the Court of Federal Claims under the Tucker Act. As we stated in *Heisig,* "although relief has usually been first sought from military correction boards since their creation in 1946, there is here no requirement of exhaustion of administrative remedies *prior to pursuit of judicial review.*" 719 F.2d at 1155 (emphasis added). However, where, as here, the administrative process is initiated after judicial relief has been sought and is still pending, a claimant must exhaust the Corrections Board process before returning to the Court of Federal Claims. This is the holding of our predecessor court in *Cunningham v. United States,* 212 Ct.Cl. 451, 549 F.2d 753, 765 (1977). In *Cunningham,* the claimant won a judgment for back pay due to her illegal separation from the Air Force. *Id.* at 756. On remand from our predecessor court to determine damages, the claimant sought to amend her complaint to request, *inter alia,* that her records be corrected, "to secure an official pronouncement by the court that the series of Army and VA mental

---

2. The Court of Federal Claims attempted to distinguish *Porter* on the grounds that in *Porter,* the court had before it "a complete, if not procedurally correct, SSB decision." *Richey II,* 50 Fed.Cl. at 21. The court held that in contrast, "[w]e have no such decision; we have only naked conclusions made by the SSBs involved." *Id.* This is factually incorrect. The SSB decisions at issue in *Porter*

apparently were no more elaborate in stating the bases for their decisions than the SSB decisions here. *Porter v. United States,* No. 91–1008, slip. op. at 2 (Fed.Cl. May 24, 1996). In any event, the Court of Federal Claims was obligated to follow *Porter*'s interpretation of the statute even if it believed that the facts of *Porter* itself were distinguishable.

diagnoses from 1945 to 1955 were invalid." *Id.* at 765. The trial court allowed the amendment, but on a second appeal, our predecessor court found that "there is pending before the Army Board for Correction of Military Records plaintiff's application filed in January 1973, demanding [that the same corrections be made]." *Id.* We held that under the circumstances presented in *Cunningham,* the claimant had not exhausted her remedy before the Corrections Board and could not seek relief in court, because "recourse to the Board [was] a mandatory remedy which must be exhausted before judicial review is available." *Id.* Exhaustion of the agency procedures in such circumstances serves "the twin purposes ... of protecting administrative agency authority and promoting judicial efficiency." *Sandvik Steel Co. v. United States,* 164 F.3d 596, 600 (Fed.Cir. 1998) (citation omitted).

 Second, the record before the Court of Federal Claims here does not contain evidence to overcome the presumption of regularity that attaches to all administrative decisions. *See Impresa Construzioni Geom. Domenico Garufi v. United States,* 238 F.3d 1324, 1338 (Fed. Cir.2001). The Court of Federal Claims, in ordering Richey's reinstatement, noted that "the[ ] written decisions [of the SSBs] still do not fully answer the court's questions posed to defendants in [its] three prior remand orders." *Richey II,* 50 Fed. Cl. at 11. The court further observed that "the SSBs' decisions submitted to [it] were wholly conclusory and, apparently, a 'rubber stamping' of the [Corrections Board's] ultimate conclusion to deny Capt. Richey relief." *Id.* at 18. In particular, the court determined that the SSB reports were deficient, because:

> we do not even know if the SSBs followed the dictates of 10 U.S.C. § 628(b), which requires all Special Selection Boards to specifically indicate: "that

[the] record [of plaintiff's employment history] shall be compared with the records of a sampling of those officers of the same competitive category who were recommended for promotion, and those officers who were not recommended for promotion by the board that considered him."

*Id.* (emphasis in original) (quoting 10 U.S.C. § 628(b) (2002)).

But the statute imposes no requirement on the SSBs to provide detailed findings, and the SSB reports here complied with the statutory requirements. Section 628 provides:

> Each special selection board convened under this section shall submit to the Secretary of the military department concerned a written report, signed by each member of the board, containing the name of each person it recommends for promotion and certifying that the board has carefully considered the record of each person whose name was referred to it.

10 U.S.C. § 628(c)(1) (2000). The SSBs that declined to promote Richey on his corrected military record submitted reports to the Secretary that met these certification requirements. (J.A. 201–07). The SSB reports certified that "[t]he board, acting under oath and having in view the special fitness of an officer and the efficiency of the Army, has carefully considered the record of every officer whose name was furnished to it *under Section 628, Title 10.*" (J.A. at 201, 205) (emphasis added). The court could not require the SSBs to meet additional reporting requirements beyond those that were mandated by the statute. *See Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council,* 435 U.S. 519, 548, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978) (holding that a court cannot impose procedural re-

quirements on an agency beyond the minimum requirements imposed by statute).[3]

■ To be sure, even when the statutory requirements are met, there are circumstances in which the court may require an explanation. Contrary to the government's misplaced contention, internal Department of Defense regulations cannot bar such review. The government contends that DoD Instruction No. 1320.14, ¶ 6.2.4.1 constitutes a "Statutory Restriction[ ] On The Release of Board Proceedings," which would justify the government in withholding information necessary for a court to review an SSB decision. (Appellant's Br. at 18–19.) That paragraph reads, in part, "[e]xcept as authorized by this Instruction and Section 616(e) or 14104 of 10 U.S.C. (reference (b)), the proceedings of the board may not be disclosed to any person not a board member or board recorder." DoD Instruction No. 1320.14, ¶ 6.2.4.1. But 10 U.S.C. § 628 specifically directs that the decisions of SSBs are subject to judicial review: "A court of the United States may review the action of a special selection board." 10 U.S.C.A. § 628(g)(2) (West Supp.2002). This clear command of Congress trumps any internal DoD Instructions concerning confidentiality.

■ Nonetheless, such review is limited in the present context. In *Impresa,* we held, with respect to a contracting officer's responsibility determination, that "[b]ecause of [the] presumption of regularity, the agency should not be required to provide an explanation unless that presumption has been rebutted by record evidence suggesting that the agency decision is arbitrary and capricious." 238 F.3d at 1338. Here, there was no such record evidence of irregularity. Nor is there any claim that the plaintiff has been denied discovery concerning the record before the SSBs. Given that Richey presented no record evidence to rebut the presumption of regularity, the court had no authority to require either the SSBs or the Corrections Board to provide further explanation.[4]

This limitation on the Court of Federal Claims' authority has particular force in cases involving the military. As we observed in *Porter:*

> The reluctance of the judiciary to review promotion actions of selection boards is rooted not only in the court's incurable lack of knowledge of the total grist which the boards sift, but also in a preference not to meddle with the internal workings of the military.... The promotion of an officer in the military service is a highly specialized function

---

**3.** Various provisions of the Administrative Procedure Act, of course, require that an agency provide an explanation or rationale for its decision. *See, e.g.,* 5 U.S.C. § 557(c) (2000) (requiring that in formal adjudications, "[a]ll decisions ... shall include a statement of—(A) findings and conclusions, and the reasons or basis therefor"); 5 U.S.C. § 555(e) (2000) (requiring that in informal adjudications, "[e]xcept in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial"). The military is largely exempt from the APA. *See, e.g.,* 5 U.S.C. §§ 554(a)(4), 701(b)(1) (2000). No claim is made here that these APA requirements were violated.

**4.** It is also worth noting that even if the Court of Federal claims had properly found error in the decisions of the SSBs, the remedy would not have been reinstatement. Rather, the required remedy is provided by statute:

> If a court finds that the action of a special selection board which considers an officer or former officer was contrary to law or involved material error of fact or material administrative error, it shall remand the case to the Secretary concerned, who shall provide the officer or former officer reconsideration by a new special selection board.

10 U.S.C. § 14502 (2000).

involving military requirements of the service and the qualifications of the officer in comparison with his contemporaries, plus expertise and judgment possessed only by the military. No court is in a position to resolve and pass upon the highly complicated questions and problems involved in the promotion procedure.

*Porter*, 163 F.3d at 1316–17 (quoting *Brenner v. United States*, 202 Ct.Cl. 678, 692, 693–94 (1973), *cert. denied*, 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974)).

### III

 Finally, under *Porter*, the existence of error in the original promotion board decisions does not entitle the appellant to any relief. Contrary to the Court of Federal Claims' view, section 628, as interpreted in *Porter*, requires retroactivity. In *Porter*, we made clear that the decision of a Special Selection Board "relate[s] back to the date of the original selection board's decision" and "stand[s] in place of the earlier selection board decision." *Id.* at 1315. The court based this conclusion on a construction of the statutory language. First, section 628(b)(2) provides that the SSB "shall consider the record of the person ... as that record, if corrected, would have appeared to the board that considered him." 10 U.S.C. § 628(b)(2) (2000); *Porter*, 163 F.3d at 1315. Second, section (d)(2) states that a person who is selected for promotion by an SSB,

shall, upon that appointment, have the same date of rank, the same effective date for the pay and allowances of that that grade, and the same position on the active-duty list as he would have had if he had been recommended for promotion to that grade by the board which should have considered, or which did consider, him.

10 U.S.C. § 628(d)(2) (2000). In *Porter*, we read these statutory provisions as clearly requiring that the decision of an SSB be retroactive and stand in the place of the earlier promotion board decision. 163 F.3d at 1315. In this case, Richey won the relief of review for promotion by two SSBs examining a record purged of error. The decisions of those SSBs replaced the decisions of the original promotion boards that passed Richey over for promotion when he was in the service. The SSB decisions cannot, therefore, be challenged on the basis of errors in the earlier promotion decisions that have now been purged from Richey's military record.

### CONCLUSION

Accordingly, we reverse the decision of the Court of Federal Claims and remand with directions that the complaint be dismissed with prejudice.

**REVERSED AND REMANDED.**

### COSTS

No costs.