OPINION

WILLIAMS, Judge.
This matter is before the Court on remand from the United States Court of Appeals for the Federal Circuit. The sole issue before the Court is the appropriate remedy to redress Plaintiffs involuntary dismissal from the Air Force, due to his being twice passed over for promotion where the two promotion boards which evaluated Plaintiff used unconstitutional discriminatory instructions. Plaintiff urges this Court to direct his retroactive promotion to the grade of Lieutenant Colonel, order his reinstatement and award him back pay and allowances. Defendant counters that the proper remedy is a remand of the matter to the Secretary of the Air Force with instructions to conduct a harmless error inquiry, i.e., to determine whether Plaintiff would have been promoted absent the unconstitutional instructions.
In recent cases addressing military non-promotion decisions where the officer’s record evaluated by the board was erroneous, the Federal Circuit has rejected use of the harmless error test, holding that such inquiry was inappropriate in light of legislation, which has in large part supplanted this test — the Defense Officer Personnel Management Act (DOPMA or Section 628), 10 U.S.C. § 628(b)(1). This statute provides an administrative mechanism for the Secretary, by convening a Special Selection Board (SSB), to determine whether a passed-over officer is entitled to promotion.
This ease presents a question of first impression under this statutory framework and Federal Circuit precedent, namely whether the provisions of Section 628(b) supplant the harmless error test where the original promotion board error was not in an officer’s record but rather was a systemic constitutional violation in the board process. This Court concludes that Section 628(b) does not prohibit use of the harmless error test to remedy the effects of an unconstitutional instruction which permeated the process by which Plaintiff’s record was evaluated. Further, this Court is not in a position to assess Plaintiffs promotability absent the illegal instruction. As such, this Court remands this matter to the Secretary to reconsider Plaintiffs promotion determination using race and gender neutral criteria and retains jurisdiction to effect such relief as may be warranted *826 or review any challenge to the Secretary’s determination after remand.
Background[1]
Since 1947, the United States Air Force has operated under an “up or out” promotion system. By statute, officers below the rank of Lieutenant Colonel who are twice passed over for promotion must either be forcibly retired or discharged, unless they are within two years of qualifying for retirement — in which case they may stay on active duty until they qualify for retirement. 10 U.S.C. §§ 631, 632 (2000). The competitive promotion system is designed to ensure that only the most outstanding members of the officer corps are retained in service.
Plaintiff began active duty with the Air Force in 1979, eventually reaching the rank of Major. In November of 1992, Plaintiff was considered, but not selected, by an Air Force promotion board for promotion to Lieutenant Colonel. On May 3, 1993, before being considered for promotion to Lieutenant Colonel a second time, Plaintiff applied for early retirement. Ordinarily, Plaintiff would not yet have been eligible for retirement because he lacked the 20 years of service required for regular Air Force officers to retire. See 10 U.S.C. § 8911 (2000). However, in 1992, Congress passed the FY 1993 National Defense Authorization Act, one provision of which authorized the Secretary of the Air Force to permit early retirement for officers with 15 to 20 years of service. Pub.L. No. 102-484, § 4403(b)(3)(A), 106 Stat. 2702 (1992). Because Plaintiff would not reach the 15-year mark until July of 1994, his application for retirement requested an effective retirement date of August 1, 1994. Plaintiffs application listed “Voluntary Retirement” as the personnel action submitted for approval. Subsequently, this personnel action was approved, and on July 3,1993, Plaintiff received orders retiring him effective on his requested date of August 1, 1994.
In October of 1993, prior to his retirement orders becoming effective, Plaintiff was once again considered by an Air Force promotion board. For a second time, Plaintiff was not selected for promotion to Lieutenant Colonel. Plaintiff then retired from the Air Force, some 10 months later, when his previously issued voluntary retirement orders became effective.
Both promotion boards which considered Plaintiff were given the following Instruction:
Your evaluation of minority and women officers must clearly afford them fair and equitable consideration. Equal opportunity for all officers is an essential element of our selection system. In your evaluation of the records of minority officers and women officers, you should be particularly sensitive to the possibility that past individual and societal attitudes, and in some instances utilization policies or practices, may have placed these officers at a disadvantage from a total career perspective. The board shall prepare for review by the Secretary and the Chief of Staff, a report of minority and female officer selections as compared to the selection rates for all officers considered by the board.
AR 151.[2] The record before the Court does not clearly indicate the number of white males nonselected or the number of females and minorities selected by the boards in question.[3]
*827 In April of 1997, Plaintiff filed an application with the Air Force Board for the Correction of Military Record (AFBCMR), asserting that the promotion boards that twice considered and denied him for promotion committed procedural errors during their deliberations. Plaintiff sought reinstatement to the Air Force and a retroactive promotion to the rank of Lieutenant Colonel. The AFBCMR denied his request. On Dec. 29, 1999, Plaintiff requested reconsideration of the correction board’s denial based upon “newly discovered evidence” which indicated that the Air Force had instructed promotion boards to give special consideration to minorities and women. Plaintiff argued that the instructions were being changed based upon Supreme Court precedent and that new guidance required promotion boards not to consider the race, gender or ethnic background of an officer in reviewing and selecting officers for promotion. AR 149. On April 5, 2000, the corrections board recommended that Plaintiff’s request for reconsideration be denied, although it acknowledged that such an instruction had been given here. AR 150-52.
Consequently, Plaintiff filed a complaint in this Court on July 20, 2000, pursuant to 28 U.S.C. § 1491 and 37 U.S.C. § 204, alleging that his Fifth Amendment due process rights were violated when he was twice passed over for promotion to Lieutenant Colonel by promotion boards that used unconstitutional gender and racial preferences in the selection process. Plaintiff claimed that the promotion board’s action in passing him over a second time constituted his involuntary dismissal from the Air Force, and sought retroactive promotion, correction of his records to expunge his failure to be promoted, back pay from the date of his separation, and reinstatement.
This Court dismissed the action, holding that Plaintiff had voluntarily retired and waived entitlement to relief because Plaintiff’s application for early retirement had been accepted before the promotion board passed him over the second time. On appeal, the Federal Circuit reversed this decision and held that Plaintiffs status as a voluntary or involuntary retiree was determined as of the effective date he actually retired, not as of the date his retirement application was accepted. Accordingly, the Federal Circuit held that because Plaintiff was passed over by the promotion board for the second time before the effective date of his voluntary retirement, his retirement was “involuntary” within the meaning of 10 U.S.C. § 632.[4] As such, Plaintiff’s claims of promotion board violations at the time of his involuntary retirement were not waived, and his underlying complaint challenging his involuntary retirement stated a claim for relief.
On remand, the parties requested a stay of proceedings pending resolution of Christian v. United States, by the Federal Circuit, on the ground that Christian would clarify whether a harmless error test should be used in fashioning a remedy here. The Court granted the stay and authorized further briefing after Christian was decided.
Christian was a class action on behalf of white male officers, who were involuntarily retired from the Army after being passed over by retirement boards factoring race and gender into their decisions. Administratively similar to promotion boards, retirement boards thin the military ranks by recommending involuntary retirement. In Christian, the Court of Federal Claims ruled that each class member was entitled to reinstatement to previous rank with back pay because the instructions given to the retirement boards were unconstitutional. 49 Fed.Cl. 720 (2001). The Federal Circuit reversed this decision, directing remand to the Secretary of the Army with instructions to conduct a harmless error test with respect to each class member. Christian v. United States, 837 F.3d 1338 (Fed.Cir.2003). The Federal Circuit reasoned that because the total number of women and minorities retained by the original retirement boards was 341 and the *828 Plaintiff class of white male officers who were actually retired numbered over 1,000, the entire class could not have been improperly retired — only 341, at most, could have been. Id. at 1344. The Christian Court characterized that scenario as a “classic instance” for application of the harmless error test in the context of unconstitutional instructions given to a retirement board. Id.
Christian also expressly recognized that in 1980, with the passage of DOPMA, there was a significant “change in the law” governing the review of twice passed-over officers because DOPMA authorized the Secretary to refer a case in which an officer challenged his discharge based upon errors in his service record to an SSB in lieu of applying the harmless error test. Id. at 1347. Although Federal Circuit precedent has established that the Section 628 procedure displaced the harmless error test “in large part” this precedent has not addressed the issues confronting the court here — whether the harmless error test can be applied in conjunction with DOPMA’s Section 628 procedure where the error at the promotion board derived from an unconstitutional instruction, not an officer’s faulty record. Christian and Richey v. United States, 322 F.3d 1317 (Fed.Cir.2003)

Discussion

Remand To The Secretary Is Required

Under the Tucker Act, “[i]n any ease within its jurisdiction, [this] court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.” 28 U.S.C. § 1491(a)(2). A determination of whether Plaintiff should be recommended for promotion, absent the unconstitutional instruction, is best left to the expertise of the military. Plaintiff would have this Court inject itself far too deeply into the internal personnel deliberations of the Air Force, substituting itself for his original promotion boards and voiding their determinations — a matter Congress has entrusted to the military in the first instance.[5] The Federal Circuit recognized the impropriety of courts’ intruding into military promotion decisions in Porter v. United States, 163 F.3d 1304, 1316-17 (Fed.Cir.1998), stating:
The reluctance of the judiciary to review promotion actions of selection boards is rooted not only in the court’s incurable lack of knowledge of the total grist which the boards sift, but also in a preference not to meddle with the internal workings of the military.... The promotion of an officer in the military service is a highly specialized function involving military requirements of the service and the qualifications of the officer in comparison with his contemporaries, plus expertise and judgment possessed only by the military. No court is in a position to resolve and pass upon the highly complicated questions and problems involved in the promotion procedure, which includes, but is not limited to, an analysis of the fitness reports and personnel files and qualifications of all the officers considered____ Brenner v. United States, 202 Ct.Cl. 678, 692, 693-94 (1973), cert. denied, 419 U.S. 831, 95 S.Ct. 54, 42 L.Ed.2d 56 (1974).
More recently, in Roth v. United States, 378 F.3d 1371, 1394 (Fed.Cir.2004), the Federal Circuit reversed the Court of Federal Claims’ decision voiding Plaintiffs nonseleetion for promotion and ordering him reinstated with back pay retroactively, stating that the court “went too far.” See also Chisolm v. United States, 65 Fed.Cl. 497, 499 (2005) (“[T]his court does not have the authority to void Chisolm’s promotion nonselections and retirement, and then award back pay and allowances at this stage.”); accord Voge v. United States, 844 F.2d 776, 782 (Fed.Cir. 1988), cert. denied, 488 U.S. 941, 109 S.Ct. 365, 102 L.Ed.2d 355 (1988) (absent the violation of a statute or regulation “entitling a service member to a promotion as a matter of law, the ... Court [of Federal Claims] has no authority to entertain [such a] claim.”).

Section 628 Does Not Prohibit Use Of The Harmless Error Test To Remedy An Unconstitutional Instruction

Prior to the passage of DOPMA in 1980, binding precedent in this circuit estab *829 lished that the harmless error test was the appropriate analytical framework for remedying errors in military promotion determinations. Engels v. United States, 230 Ct.Cl. 465, 678 F.2d 173 (1982); Hary v. United States, 223 Ct.Cl. 10, 618 F.2d 704 (1980); Sanders v. United States, 219 Ct.Cl. 285, 594 F.2d 804 (1979); Skinner v. United States, 219 Ct.Cl. 322, 594 F.2d 824 (1979). In particular, the ultimate burden was placed on the government to show that an officer would not have been promoted absent the error in the promotion determination. Sanders, 594 F.2d at 818. Subsequently, in Porter v. United States, 163 F.3d 1304, 1323-24 (Fed. Cir.1998), the Federal Circuit recognized that DOPMA changed this landscape and “held that the enactment of section 628, at least in large part had overruled those decisions, insofar as they required the government to prove harmless error.” Richey, 322 F.3d at 1323-24 (Fed.Cir.2003) (footnote omitted) (emphasis added).
The thorny question presented in this case is whether the harmless error test may be applied by the Secretary, corrections board, or an SSB, to remedy a nonpromotion determination tainted by an unconstitutional instruction in the aftermath of DOPMA and recent Federal Circuit precedent applying this statute. Section 628(b)(1) provides:
(b) Persons considered by promotion boards in unfair manner.—
(1) If the Secretary of the military department concerned determines, in the case of a person who was considered for selection for promotion by a promotion board but was not selected, that there was material unfairness with respect to that person, the Secretary may convene a special selection board [SSB] under this subsection to determine whether that person (whether or not then on active duty) should be recommended for promotion. In order to determine that there was material unfairness, the Secretary must determine that—
(A) the action of the promotion board that considered the person was contrary to law or involved material error of fact or material administrative error; or
(B) the board did not have before it for its consideration material information.
10 U.S.C. § 628(b)(1) (2000).
The unconstitutional instruction to afford preferential treatment to some officers based on race and gender rendered the action of the original promotion boards “contrary to law” and constituted a “material unfairness” in the promotion boards’ consideration of Plaintiff within the meaning of this statute. Indeed, the Government does not attempt to defend the instruction given to the boards, in light of precedent recognizing that such discriminatory instructions were impermissible. Christian v. United States, 337 F.3d 1338 (Fed.Cir.2003), reh’g en banc denied (Oct. 3, 2003), cert. denied, 541 U.S. 972, 124 S.Ct. 1876, 158 L.Ed.2d 467 (2004); Berkley v. United States, 287 F.3d 1076 (Fed.Cir.2002).[6]
Several factors convince the Court that the Secretary may apply the harmless error test in the situation presented here. First, DOP-MA’s procedure in Section 628(b)(1) is not mandatory. Rather, that statute states that the Secretary “may” convene an SSB, a military board, to reconsider a promotion where the action of the original board was contrary to law. In addition, 10 U.S.C. § 1552 authorizes the Secretary, acting through the pertinent civilian corrections board, here the AFBCMR, to “correct any military record of the Secretary’s department when the Secretary considers it necessary to correct an error or remove an injustice____[S]uch corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department.” 10 U.S.C. § 1552(a)(1). As the Federal Circuit recognized in Porter, “Section 1552 of title 10 conveys broad authority to the corrections boards regarding how they may exercise their statutory responsibilities, and contains no prescriptions on how they may ftdfill their statutory charge.” 163 F.3d at 1324
*830 In analyzing this statutory scheme and the roles of the AFBCMR and an SSB, the Federal Circuit in Porter explained:
[I]n the post-DOPMA context, the Air Board [AFBCMR] may exercise its section 1552 authority by following the statutory directive in section 628(b)(1)(A); that is, convening an SSB upon determining that “the action of the [original selection] board which considered the officer was contrary to law or involved material error of fact or material administrative error.”
However, section 1552 imposes the ultimate responsibility on the corrections board to assure that, if utilized, a section 628 SSB produces a reasonable determination of the officer’s promotion prospects. If an officer meets an SSB unsuccessfully and can point to a material flaw in the SSB’s procedures arguably undermining the SSB’s nonselection judgment, he may petition the corrections board to alter or void the SSB’s decision. After an SSB has made its decision, the focus of the corrections board’s attention under section 1552 is on whether the process by which the SSB reached its decision afforded the officer a “reasonable determination” of his promotion prospects.
163 F.3d at 1324-25. See also Roth v. United States, 378 F.3d 1371, 1393 (Fed.Cir.2004) (stating that generally, “the proper approach after a correction board makes record corrections is for the board to decide for itself whether or not to convene SSBs.”). Thus, while Section 628 and Section 1552 offer procedural mechanisms for remedying military promotion determinations and require that an officer be afforded a reasonable determination of his promotion prospects, nothing in these statutes prohibits the application of the harmless error test.
Second, precedent in this Circuit appears to limit the rejection of the harmless error test to cases involving correction of an officer’s own record. Specifically in Porter and Richey, the Federal Circuit found the harmless error test was inapplicable to Boards and SSBs convened under Section 628, in the context of correcting an error in the officer’s own record:
The pre-DOPMA law on which the Court of Federal Claims relied need not be applied to the circumstances of this case [where the officer’s own record contained a faulty officer Evaluation Report]. The harmless error test, while necessary to adjudicate cases such as this before the enactment of section 628, is not only unnecessary now, but grafting it onto section 628 is sufficiently problematic for us to reject that possibility. In cases such as this, the harmless error rule has no application.
Porter, 163 F.3d at 1324.
In Richey, the Federal Circuit clarified Porter:
In Porter we held that once it is determined that the initial selection board’s decision “involved material administrative error,” nothing in this statute requires the Secretary, acting through the Corrections Board, to make a harmless error determination. Instead, under the statute, as interpreted in Porter, the Corrections Board should refer the matter to an SSB [special selection board], which decides whether to promote the officer based on his corrected military record, and, therefore, “the harmless error rule has no application.”
322 F.3d at 1324 (citation omitted) (emphasis added). Indeed, in Richey, the Federal Circuit was careful to note that Section 628 had only overruled the harmless error precedent “in large part.” Id. at 1323-24. In amplifying what it meant by “in large part,” the Richey Court stated in a footnote:
The court in Porter noted, without deciding, that some types of egregious error, “such as impermissible consideration of race, sex or religion, or instances of an illegally composed selection board,” might justify the Board [for Correction of Military Records] in voiding the non-promotion decision and the discharge without referring the matter to a Special Selection Board.
Id. at 1323 n. 1. Thus, this precedent contemplates application of the harmless error test in cases such as this involving impermissible consideration of race or sex.
A few months after Richey, the Federal Circuit in Christian recognized a distinction *831 between cases involving correction of an officer’s service record, in which the harmless error inquiry is not warranted, and the scenario presented in Christian — an unconstitutional instruction — where the harmless error test was applied. The Christian Court stated:
Indeed, the administrative inquiry in those cases [Porter and Richey ] was significantly different from the inquiry in the present case. In the passover discharge cases, there were two questions: (1) was the officer’s service record (on which the promotion board based its decision) incorrect and, if so, (2) would the officer have been promoted on a proper record. Porter and Richey ruled that since section 628 substituted for the second inquiry a re-evaluation of the officer by a special selection board on the basis of a proper service record, there was no need or occasion for a harmless error analysis.
Christian, 337 F.3d at 1348 (emphasis added).
This Court recognizes that Section 628 did not apply to Christian, so the Court there was free to apply the harmless error test. Nonetheless, Christian when read with Porter and Richey suggests that the Section 628 analytical framework did not supplant the harmless error test in a case involving an unconstitutional instruction. As the Christian court recognized: “The doctrine of ‘harmless error’ is a well-established settled principle of federal law.” 337 F.3d at 1342 (discussing Texas v. Lesage, 528 U.S. 18, 120 S.Ct. 467, 145 L.Ed.2d 347 (1999) and Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).[7] The Christian court continued: “Under this authority, an officer cannot prevail in a challenge to a discharge after non-promotion if the government can demonstrate that, notwithstanding the error in the promotion proceedings, the officer still would not have been promoted.” 337 F.3d at 1343-44. In a similar vein, the District Court for the District of Columbia recognized that the harmless error inquiry is appropriate in cases where unconstitutional factors were considered in military promotion decisions. See Saunders v. White, 191 F.Supp.2d 95, 119 (D.D.C.2002) (“if the Army proves that the 1996 and 1997 boards would not have selected Saunders for promotion using valid criteria, then the Army would defeat his claims for liability.”).
Yet another reason to permit invocation of the harmless error test here is the awkward fit of a pure Section 628 procedure to remedy an unconstitutional instruction. Although Section 628(b) does not mandate the convening of an SSB, once an SSB is convened, the sampling procedure to be applied by the SSB under Section 628(b)(2) is mandatory. Section 628(b)(2) specifies:
(2) A special selection board convened under paragraph (1) shall consider the record of the person whose name was referred to it for consideration as that record, if corrected, would have appeared to the board that considered him. That record shall be compared with the records of a sampling of those officers of the same competitive category who were recommended for promotion, and those officers who were not recommended for promotion, by the board that considered him.
10 U.S.C. § 628(b)(2) (2000).
In Haselrig v. United States, 333 F.3d 1354, 1357 (Fed.Cir.2003), the Federal Circuit found that the Air Force Instruction implementing this statute which provided for a comparison of the Plaintiffs records with benchmark records from the original boards, was a reasonable procedure for “determining whether an officer would have been selected by the primary board that considered his or her record if the officer’s pertinent records had been properly considered by the primary board unfettered by material error.” Hasel-rig involved a twice-passed-over officer who had a faulty record in his file before the SSB, the type of promotion board error which could be readily remedied under the Section 628(b)(2) scenario.
Here, in contrast, there is no infirmity to correct on the face of Plaintiffs record, and the comparative process of Section 628(b)(2) *832 alone would do nothing to remedy the unconstitutional instruction which may have tainted the benchmark records, as well as Plaintiffs. Rather, to provide a meaningful remedy, Section 628’s procedure would have to incorporate a mechanism for assessing Plaintiffs promotability using race and gender neutral factors in the evaluation of Plaintiffs record and those of the benchmark records with which he would be compared. The Court recognizes that under the current Air Force SSB procedures, the Secretary is no longer constrained to compare the officer’s corrected record with benchmark records in the fashion contemplated in Haselrig. AFI 36-2501 116.6.1 (July 16, 2004). Rather, “when [the Secretary] determines it is necessary, he/she may, prior to the convening of the SSB, direct the use of a different methodology.” Id.
It is unclear what impact the unconstitutional instruction here had on Plaintiffs candidacy. At one end of the spectrum, Plaintiff could have been displaced by a minority or woman officers with inferior records, at the other, his record may not have warranted a promotion even in the absence of the instructions. A de novo review of all records may be required. Accord Christensen v. United States, 60 Fed.Cl. 19, 28 (2004) (“If a de novo evaluation of records of individual officers were not required, this Court might be able to issue a judgment providing relief to plaintiffs without reference to a remand.”).
Alternatively, as the Court in Christian recognized:
The Secretary might conclude that instead of appointing a new ... board that would reevaluate all the officers involved, he can determine, and therefore should designate for reinstatement and back pay, those retired white male officers who, had there not been the impermissible instruction, would have been retained. We do not know whether the Secretary would have sufficient information to be able to make such determination.
Christian, 337 F.3d at 1349. Just as the Court in Christian, this Court “indicate^] no view on what would be the most appropriate procedure for the Secretary to follow. That is a matter that lies preliminarily within his informed discretion.” Id.[8]

Conclusion

Plaintiffs motion regarding remedy is denied. Defendant’s motion requesting remand is granted in part, as set forth below.
This case is remanded to the Secretary of the Air Force with the following instructions:
1) The Secretary shall reconsider Plaintiffs Lieutenant Colonel 1992 and 1993 promotion determinations in accordance with the U.S. Constitution and applicable statute, either acting pursuant to 10 U.S.C. § 1552 through the AFBCMR to consider correcting Plaintiffs record and/or pursuant to 10 U.S.C. § 628 to convene an SSB to determine whether Plaintiff should be recommended for promotion.[9]
2) In reconsidering whether Plaintiff should be promoted to Lieutenant Colonel, nunc pro tunc, the Secretary and/or the AFBCMR and/or the SSB shall use nondiscriminatory, neutral instructions in place of the unlawful instructions used in the Lieutenant Colo *833 nel Promotion Boards for 1992 and 1993;
3) If an SSB selects Plaintiff for promotion, Defendant shall change Plaintiffs records to reflect promotion by the appropriate original 1992 or 1993 Board;
4) The Secretary shall keep written records of any proceedings implementing this remand, so that this Court can properly review the Secretary’s determination in the event this matter is returned to this Court for such purpose.
This case is to be returned to the Court of Federal Claims within six (6) months for consideration of any challenges to the Secretary’s decision and, if necessary, formulation of appropriate remedy. 5)

. This background recounts many of the undisputed facts set forth in Ricks v. United States, 278 F.3d 1360 (Fed.Cir.2002) for ease of reference. Additional factual background is derived from the Administrative Record (AR).

. In Berkley v. United States, 287 F.3d 1076, 1084-85 (Fed.Cir.2002), the Federal Circuit concluded that a similar instruction also containing language that the board be "particularly sensitive” to the possibility that past attitudes, policies or practices may have disadvantaged minority and women officers, did require different treatment of officers under review based on their race and gender. The Berkley Court stated: "[the instruction] required — unequivocally and without exception — that white male officers be treated differently from minority and female officers.” Id. at 1085.

. Plaintiff has submitted a response to a Freedom of Information Act request he received from the Air Force on Oct. 3, 2003, containing statistics for the 1989-2002 Lieutenant Colonel Central Promotion Selection Boards. Pi’s Brief, Ex. 1. From this Plaintiff argues that "the 1992 promotion board in question promoted a total of 1100 officers of which 221 were minority and women candidates." Pi's Br. at 3. However, Plaintiff fails to allege the number of white males *827 who were nonselected, and the Court cannot ascertain the accuracy of Plaintiff's contentions from the record herein.

. Section 632 provides that the discharge or retirement of certain officers passed over for promotion a second time shall be considered involuntary for purposes of any other provision of law.

. This court reviews such decisions to determine if they are "arbitrary, capricious, contrary to law, or unsupported by substantial evidence.” Roth v. United States, 378 F.3d 1371, 1381 (Fed. Cir.2004) (citing Heisig v. United States, 719 F.2d 1153, 1156 (Fed.Cir.1983)).

. The Government "[does] not oppose the entry of a finding by this Court that the instructions were unlawful for those reasons stated in Berkley v. United States, 287 F.3d 1076 (Fed.Cir.2002).” Def.’s Status Report, Oct. 2, 2002 at 1.

. See Texas v. Lesage, 528 U.S. at 21, 120 S.Ct. 467. (Even where the government impermissi-bly discriminates, it may "avoid liability by proving that it would have made the same decision without the impermissible motive.”)

. Plaintiff presents four arguments as to why remand to the Secretary will not remedy the injustices here, but each is unavailing. First, Plaintiff wrongly argues that the scope of 10 U.S.C. § 628 is limited to the correction of administrative errors. However, Section 628(b)(1)(A) expressly recognizes that an SSB may be convened if the action of the promotion board was "contrary to law.” Second, Plaintiff argues that an SSB will be unable to properly evaluate Plaintiff's probabilities of promotion in 1992 and 1993 because the subjective values which factor into a promotion decision have changed since then. In Haselrig v. United States, 53 Fed.Cl. 111, 127 (2002), aff'd, 333 F.3d 1354, the court concluded that the possibility of variation in the scoring of records does not, by itself, preclude remand to an SSB. Third, Plaintiff argues that the Air Force cannot be trusted to remedy an injustice of its creation. However, this is wholly speculative and an unwarranted prejudgment. Finally, Plaintiff argues that remand to an SSB is only appropriate for class actions, but nothing suggests that the SSB process is so limited.

. The AFBCMR may, on reconsideration, void Plaintiff's promotion determinations without referring the matter to SSBs. Richey, 322 F.3d at 1324 n. 1.