# In the United States Court of Federal Claims

No. 11-595C

(Filed July 19, 2013)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
                                             *
                                             *
LOUIS A. ARROYO III,                         *
                                             *
              Plaintiff,                     *
       v.                                    *
                                             *
THE UNITED STATES,                           *
                                             *
              Defendant.                     *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

As discussed at yesterday's status conference, the Court **DENIES** the government's motion to remand and **DENIES WITHOUT PREJUDICE** the government's partial motion to dismiss. Concerning the motion to remand, the Court does not think that it is appropriate to remand this matter over the plaintiff's objection. Review of a matter by a military correction board is an option, not a requirement, *see Martinez v. United States*, 333 F.3d 1295, 1301, 1304 (Fed. Cir. 2003) (en banc), and plaintiff's choice of forum should normally be respected. The only two cases that the government can identify in which such a remand was ordered over the objection of plaintiffs concerned the application of the harmless error doctrine to promotion decisions in which illegal criteria were employed. *See Christensen v. United States*, 60 Fed. Cl. 19, 27-28 (2004); *Ricks v. United States*, 65 Fed. Cl. 826, 830 (2005). Remand in such cases is appropriate because specialized military judgment and expertise are required for promotion decisions. In this case, by contrast, plaintiff is not challenging the substance of a personnel decision, but instead the *failure to decide* issues, through a medical evaluation process that he maintains is a predicate to a lawful discharge. Although the Court believes that a remand could not be to plaintiff's detriment, and might result in a remedy superior to that available in this forum, plaintiff, acting *pro se*, has not been persuaded to accept a remand. The Court will respect that choice.

Concerning the government's partial motion to dismiss, defendant argues that part of plaintiff's requested relief has been rendered moot by the United States Air Force's attempts to schedule medical evaluations of plaintiff --- with which plaintiff has not cooperated. It appears to the Court that for this particular matter, issues bearing on the appropriate remedies available to plaintiff cannot be determined prior to (or separate from) a resolution of the question of liability. Thus, the motion to dismiss is denied without prejudice, and the government is free to revisit the issue in its motion for judgment on the administrative record.

As discussed during yesterday's conference, in light of plaintiff's *pro se* status, the Court will treat three of plaintiff's filings (ECF nos. 9, 32 and 38) collectively as a motion for summary judgment and, in the alternative, for judgment on the administrative record. The following schedule has been adopted:

1.  The government shall file its cross-motion motion for judgment on the administrative record and opposition to plaintiff's motion on or by **Wednesday, July 31, 2013**;

2.  plaintiff shall have the twenty-eight days --- plus three days for service, allowed under Rules 6(d) and 7.2(b)(1) of the Rules of the United States Court of Federal Claims --- in which to file his opposition to the government's motion and reply in support of his own motion (thus, if the government files its paper on July 31, the plaintiff's response will be due in the Clerk's office by **Tuesday, September 3, 2013)**; and

3.  the government will then have fourteen days in which to file its reply paper.

The filing of the government's motion for judgment on the administrative record obviates the need for the filing of an answer in this matter.

**IT IS SO ORDERED.**

**VICTOR J. WOLSKI**
Judge