Alger E. HASELRIG, Jr.,
Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 02–5179.

United States Court of Appeals,
Federal Circuit.

June 24, 2003.

Rehearing Denied Aug. 21, 2003.

Guy J. Ferrante, King & Everhard, P.C., of Springfield, Virginia, argued for Plaintiff–Appellant.

J. Reid Prouty, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for Defendant–Appellee. With him on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; James M. Kinsella, Deputy Director; and P. Christopher Clark, Attorney, Air Force Legal Services Agency, of Arlington, VA.

Before SCHALL, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

ARCHER, Senior Circuit Judge.

Major Alger E. Haselrig, Jr. (Haselrig) appeals the United States Court of Federal Claims order granting the government's motion for judgment on the administrative record. *Haselrig v. United States,* 53 Fed.

Cl. 111 (Fed.Cl. 2002). Specifically, Haselrig asserts that the procedures used by Air Force Special Selection Boards (SSBs) to identify candidates for promotion are contrary to 10 U.S.C. 628(b)(2) because they do not yield a reasonable determination of whether a candidate would have been promoted had his corrected record been before the original selection board. Because we hold that these procedures reflect a permissible construction of ·10 U.S.C. 628(b)(2), the Court of Federal Claims judgment is affirmed.

## BACKGROUND

Haselrig retired from the Air Force in 1993, after having been twice passed over for promotion to lieutenant colonel. Believing his records before the promotion boards were incorrect, Haselrig applied to the Air Force Board for Correction of Military Records (Correction Board). Ultimately, Haselrigs record was amended to include two definitely promote (DP) recommendations. It was then sent before two SSBs so that Haselrig could be considered for promotion to lieutenant colonel. Both SSBs non-selected Haselrig.

Briefly,[1] an SSB functions by comparing an officer's corrected record with "benchmark records" of officers from the same year and competitive category who. were selected and non-selected for promotion by the original selection board to determine whether the officer would have been recommended for promotion by the original board, but for the uncorrected records. AFI 36–2501 ¶ 6.5.2. The SSB re-scores the corrected record and ten benchmark records, representing the five highest rated officers non-selected for promotion and the five lowest rated officers selected for promotion, without knowing which record is actually the one being reconsidered. AFI 36–2501 ¶ 3.3. Once the SSB scores the records, it is revealed which record was the one being reconsidered and which ones were the benchmark records. The SSB will recommend the reconsidered candidate for retroactive promotion if his record scores higher than all the records of the non-selected benchmarks and ties at least one of the records of the selected benchmarks. AFI 36–2501 ¶ 6.5.4.

.Following his non-selection by the SSBs and the Correction Boards denial of further relief, Haselrig filed suit in the Court of Federal Claims, which granted the governments motion for judgment on the administrative record. Haselrig now appeals. . .

We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## ANALYSIS

▆▆▆▆ We review legal determinations of the Court of Federal Claims, such as a judgment on the administrative record, *de novo*. *See Heisig v. United States*, 719 F.2d 1153, 1158 (Fed.Cir.1983). This means we apply the same standard of review the trial court did. Accordingly, in this case we will not disturb the Correction Board's decision to uphold the SSBs' non-selection of Haselrig unless the Correction Board, in adopting the SSBs' promotion decisions, acted in a manner that is arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *See Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed.Cir.1986).

---

1. This court has recently described the operation of Air Force promotion boards, *see, e.g., Small v. United States*, 158 F.3d 576, amended, 180 F.3d 1343 (Fed.Cir.1999); *Campa v. United States*, 300 F.3d 1361 (Fed.Cir.2002), and the Court of Federal Claims' opinion in this case explains in detail the operation of SSBs. We refer the reader to these cases' for any further information on the workings of these bodies.

■ Haselrig asserts the SSB procedures, as conducted, constituted an impermissible interpretation of the applicable statutory and regulatory provisions. As such, he contends the Correction Board acted improperly by accepting the SSBs' decisions. Thus, we must examine whether the Air Force's SSB procedures, as conducted, are permissible.

10 U.S.C. § 628 is the statute that governs SSBs. It states in relevant part:

A special selection board convened ... shall consider the record of the person whose name was referred to it for consideration as that record, if corrected, would have appeared to the board that considered him. That record shall be compared with the records of a sampling of those officers of the same competitive category who were recommended for promotion, and those officers who were not recommended for promotion, by the board that considered him.

10 U.S.C. § 628(b)(2) (2000).

This court has previously been called upon to interpret 10 U.S.C. § 628(b)(2). *See Porter v. United States,* 163 F.3d 1304 (Fed.Cir.1998). Following the minimal guidance provided by Congress, we explained that in order for an SSB to perform lawfully, it must yield a reasonable determination as to whether the officer would have been selected if his pertinent records had been properly considered by the prior board, unfettered by material error. *See id.* at 1324 (citing H.R.Rep. No. 96–1462, Defense Officer Personnel Management Act, 96th Cong., 2d Sess. 74 (1980) (stating "the purpose of this subsection [10 U.S.C. § 628(b) ] is to provide a means to make a reasonable determination as to whether the officer would have been selected if his pertinent records had been properly considered by the prior board, unfettered by material error")). Thus we

must determine whether the Air Force's procedures governing SSBs yield such a reasonable determination.

In carrying out the mandate of 10 U.S.C. § 628(b)(2), the Air Force requires that an SSB "[c]onsider the records of officers as they would have appeared to the original board had the officers been properly considered" and that it "[c]ompare the officers' records with benchmark records from the original boards," using the same scoring methodology prescribed for the original boards. Air Force Instruction (AFI) 36–2501 ¶¶ 6.5.2, 6.5.3. This is accomplished by taking the five highest scoring non-selected records, the five lowest scoring selected records, and the record being reconsidered and re-scoring all eleven records by a single SSB. AFI 36–2501 ¶ 3.3. The record being reconsidered is recommended for retroactive promotion if it scores above all five of the previously non-selected records and at least ties the lowest previously selected record. AFI 36–2501 ¶ 6.5.4.

We do not see how these procedures could be considered anything but a means to make a reasonable determination of whether a record would have been selected by the original central selection board absent any error, as mandated by the statute. Indeed, the Air Force procedures explicitly carry out what the statute requires: the record being reconsidered is "compared [as corrected] with the records of a sampling of those officers of the same competitive category who were recommended for promotion [the 5 selected records], and those officers who were not recommended for promotion [the 5 non-selected records] by the board that considered him."

Haselrig argues that the application of the procedures does not result in the con-

clusion the statute requires.[2] To support his position, Haselrig offers statistics obtained from a Freedom of Information Act ("FOIA") request.[3] The FOIA request revealed that only 21% of the records containing upgraded DP recommendations reconsidered for promotion by SSBs were selected for retroactive promotion. Historically, however, central selection boards have promoted 98–100% of officers whose records contain DP recommendations. Haselrig contends that such a discrepancy in promotions for records containing DP recommendations between central selection boards and SSBs demonstrates that the procedures SSBs follow do not result in a reasonable determination of whether a record would have been selected had it been before a central selection board absent any error. Specifically, counsel for Haselrig stated at oral argument that "[i]t's patently unreasonable to have a reconsideration system that has a 21% selection rate when the original system had a 99–100% selection system."

The statistics Haselrig offers us are largely meaningless. For example, we do not know if the 21% only includes records for promotion from major to lieutenant colonel (which would be applicable to Haselrig) or includes records for all promotion levels. Further, the Correction Board might simply have awarded a DP recommendation to a candidate as a matter of equity to correct a previous injustice, even though the underlying record might not have garnered a DP recommendation from a primary and/or secondary rater.[4] So while a record before an SSB might contain a DP recommendation, the underlying record may not be as strong as other candidates with DP recommendations whose records were before a central selection board (or an SSB). Finally, as history demonstrates, 2% of records containing DP recommendations are non-selected by central selection boards. Haselrig's record may have been within that 2%. Because of the speculative nature of these statistics, we are not persuaded by Haselrig's argument.

The procedures followed by Air Force SSBs represent a reasonable means of determining whether an officer would have been selected by the primary board that considered his or her record if the officer's pertinent records had been properly considered by the primary board unfettered by material error. Accordingly, the Correction Board did not act in a manner that was arbitrary, capricious, not supported by substantial evidence, or contrary to law. Therefore, the Court of Federal Claims' judgment is

*AFFIRMED.*

---

**2.** At oral argument, Haselrig's counsel explained that his basis for challenging the procedures employed by SSBs was that "in this case the application of the regulation did not result in the conclusion the statute requires."

**3.** To the extent Haselrig relies on the offered statistics to challenge the SSB's results, we note that the merits of such a decision are not subject to judicial review. *See Sanders v.*

*United States*, 219 Ct.Cl. 285, 594 F.2d 804, 816 (1979).

**4.** Apparently such was not the case with Haselrig's DP recommendation; however, we know nothing about the DP recommendations in the records used to generate the offered statistics.