John J. SIEMIETKOWSKI, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 08–298C.

United States Court of Federal Claims.

Feb. 25, 2009.**

John J. Siemietkowski, Washington, DC, pro se plaintiff.

Paul G. Freeborne, U.S. Department of Justice, Washington, DC, with whom were Gregory G. Katsas, Assistant Attorney General, and Vincent M. Garvey, Director, for defendant. Captain Patrick Grant, U.S. Army Litigation Division, Arlington, VA, of counsel.

** OPINION ORIGINALLY FILED UNDER SEAL     ON FEBRUARY 12, 2009.

## OPINION

FIRESTONE, Judge.

Pending before the court is the motion by the United States ("government" or "defendant") to dismiss the plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, the government seeks judgment on the administrative record pursuant to RCFC 52.1.

The plaintiff, John J. Siemietkowski ("Mr. Siemietkowski"), an Army Reserve Judge Advocate General ("JAG") officer,[1] claims that the government acted arbitrarily and capriciously when it failed to offer him separation pay when he left active service in 2002. For the reasons explained below, the court agrees with the government that the plaintiff is not entitled to separation pay under the governing statutes and regulations. Accordingly, the government is entitled to judgment on the administrative record.

## I. BACKGROUND FACTS

The following facts are undisputed unless otherwise noted. In early 2002, Mr. Siemietkowski was an active-duty Major in the United States Army ("Army"), detailed to the JAG Corps, who had twelve years of service and had already been passed over once for promotion to the rank of Lieutenant Colonel. In April 2002, the Army informed him that he had been passed over for promotion a second time. Pursuant to 10 U.S.C. § 632(a) (2000) ("section 632(a)"), an active-duty Major twice passed over for promotion is invol-

untarily separated from the Army unless he or she is within two years of retirement or is selected for continuation on active duty pursuant to 10 U.S.C. § 637(a)(1) (2008) ("section 637(a)(1)"). The plaintiff was offered selective continuation on active duty status until he was eligible for retirement,[2] and, as provided in 10 U.S.C. § 1174(a)(4) (2000) ("section 1174(a)(4)"), he was told that he would not be eligible for separation pay if he declined selective continuation. Section 1174(a)(4) states in relevant part:

> Notwithstanding paragraphs (1) and (2) [providing for separation pay in some circumstances], an officer who is subject to discharge under any provision of chapter 36 of this title [3] . . . by reason of having twice failed of selection for promotion to the next higher grade *is not entitled to separation pay under this section if that officer, after such second failure of selection for promotion, is selected for, and declines, continuation on active duty for a period that is equal to or more than the amount of service required to qualify the officer for retirement.*

(emphasis added).

Mr. Siemietkowski objected to the length of his selective continuation term, and on August 8, 2002, prior to his voluntary separation, Mr. Siemietkowski filed an Application for Correction of Military Record ("Application") with the Army Board for the Correction of Military Records ("ABCMR"), seeking an order that his separation from active duty include separation pay.[4] AR at 7–12. In particular, the plaintiff argued that under Army Regulation ("Army Reg.") 600–8–29, para. 1.14c (Nov. 30, 1994) ("paragraph 1.14c"),[5] his active duty status should have

---

**1.** Although proceeding pro se, the plaintiff is an attorney admitted to practice before this court.

**2.** Based on his length of service, Mr. Siemietkowski was approximately eight years and three months away from retirement eligibility in April 2002. Administrative Record ("AR") at 9.

**3.** Chapter 36 of Title 10 includes the above-referenced section 632(a), under which Mr. Siemietkowski was subject to discharge, and the above-referenced section 637(a)(1), under which he was eligible for selective continuation.

**4.** In his Application, Mr. Siemietkowski summarized his argument to the ABCMR as follows:

> The Army should not have chosen me for selective continuation. In the alternative, the Army should have selectively continued me for a three-year increment rather than till [sic] retirement eligibility. When not selectively continued till [sic] retirement eligibility, an officer twice non-selected for promotion is entitled to separation pay. I am therefore entitled to separation pay.
> AR at 9.

**5.** The court takes notice that Army Reg. 600–8–29 was revised on Feb. 25, 2005. While this revision clarifies the Army's selective continuation policy, the court notes that the revision does

been extended for only three years. Paragraph 1.14c states that "[c]ontinuation for majors who are more than 6 years from qualifying for retirement ... will normally be for 3 years from the date the officer would otherwise have been separated for having twice failed to be selected for promotion .... The SA [selection authority] may adjust the period of selective continuation." Mr. Siemietkowski argued that other similarly situated officers were continued for a period of only three years and were thus eligible for separation pay under section 1174.[6] Am. Compl. ¶ 17. Mr. Siemietkowski argued that he had relied "to his detriment" upon the JAG's past practice of offering selective continuation in three-year increments. *Id.*

Mr. Siemietkowski also alleges that the Army's actions violated Department of Defense ("DOD") Directive 1320.8 (Oct. 21, 1996) ("DOD Directive 1320.8" or "the directive"). The directive states, in pertinent part:

4.3. Continuation of Officers Serving in the Grade of O-4. Commissioned officers on the Active Duty List who hold the grade O-4, who are subject to discharge under Section 632 ... shall normally be selected for continuation by selection boards convened for that purpose if the officer will qualify for retirement under Section 3911, 6323, or 8911 ... within six years of the date of such continuation. The Secretaries of the Military Departments concerned may, in unusual circumstances, discharge involuntarily such officers in accordance with Section 632 ... after notifying the Secretary of Defense of the rationale for this action. The involuntary discharge shall not be used to circumvent legal proceedings, show-cause procedures, or release an affected officer who is within two years of qualifying for retirement under [10 U.S.C. § ] 3911, 6323, or 8911....

4.3.1. Minimum Continuation Period. A commissioned officer on the Active Duty List who would have been discharged under Section 632(a)(1) ... except that the officer was selected for continuation on active duty shall be continued on active duty at least until such time as the officer qualifies for retirement under Section

---

not change its analysis. Furthermore, paragraph 1.14c was not changed by the 2005 revision.

**6.** In the plaintiff's Application the plaintiff wrote:

According to an email from [name redacted], the former chief of PP & TO [Personnel, Plans, and Training Office], the Army would selectively continue passed-over officers in three[-] or four[-]year increments till [sic] year 17, thus triggering their eligibility for separation pay. In this way, officers in my situation over the past few years have been offered separation pay. These officers include [six names redacted]. Even if regulations did not call for offering me separation pay, then basic fairness would require it in light of the past practice of PP & TO. *Put another way, [the Office of the JAG's] change in their selective continuation policy from what had been a normal practice of continuing officers for a three-year increment constitutes arbitrary and capricious action.*

AR at 11 (emphasis added) (internal citation omitted).

The email from [the chief of PP & TO] was forwarded to Mr. Siemietkowski by an unidentified officer on December 13, 2000. Both the unidentified officer's and [the chief of PP & TO's] emails merit quoting in full. The unidentified officer's email to the plaintiff reads as follows:

John:

You may have been told this while up at PP & TO today, but, wanted to pass it on.

I was corresponding with [the chief of PP & TO] yesterday on another issue and I asked her about the sep[aration] pay and whether the new statutory language prohibiting sep[aration] pay would apply to those non-selected by this board. Her response is below—it is pretty much what [redacted] said would happen.

*Id.* at 28.

[The chief of PP & TO's] forwarded email was also dated December 13, 2008 and reads as follows:

Here's the deal on the sep[aration] pay. [The s]tat[ute] says "if offered selective continuation until eligible for retirement." Apparently (according to COL Anderson in adlaw) this is a reversion to the old way of doing things. AND, we had a way around it, which we anticipate we will re-implement. We offer [selective continuation] in three[-] or four[-]year increments. So, when you are [non-selected] the second time, we offer you a three[-]year [selective continuation]. *That doesn't get you to 20, so you are eligible for the pay if you decline the [selective continuation].* If you accept the [selective continuation], assuming you don't commit any crimes, we then offer you an additional [selective continuation] 3 years down the pike which DOES get you to 20. Make sense? COL Anderson assures me we did it this way for years, and it worked just fine. Take care. [name redacted]

*Id.* (emphasis added).

3911, 6323, or 8911 of 10 U.S.C.... For commissioned officers on the Reserve Active Status List, the minimum continuation period shall be determined by the Secretary of the Military Department concerned.

DOD Directive 1320.8.

It is not disputed that following the enactment of section 1174(a)(4) in 2000, the JAG PP & TO issued new guidance that stated, "It is current JAGC [JAG Corps] policy to seek selective continuation for all majors who have been non-selected to lieutenant colonel. Normally, selectively continued majors will continue to serve on active duty *until eligible for retirement* under 10 U.S.C. section 3911." JAGC Personnel and Activity Directory, JAG Publication 1–1, para. 10–10 (Nov. 1, 2001) (emphasis added).

On April 1, 2003, after Mr. Siemietkowski declined selective continuation and was separated from active Army service, the ABCMR rejected his request for separation pay on the grounds that:

> [T]he Department had the authority to tender [a selective continuation until retirement] if the needs of the service so warranted. The applicant has failed to show through the evidence of record or the evidence submitted with his application that such was not the case or that he was treated unfairly.

AR at 6.

■ The plaintiff filed the present action on April 21, 2008, arguing that the Army's decision to offer him selective continuation until retirement eligibility was arbitrary and capricious. He contends that under various Army and DOD regulations he should have been offered selective continuation for no more than three years.[7] He claims that "Army practice shortly before Plaintiff's separation from active duty was to offer JAG Majors twice non-selected for promotion selective continuation in three[–] or four[–]year increments. Plaintiff was aware of this practice and relied on it to his detriment."[8] Am. Compl. ¶ 16. He also claims that the defendant subjected him to "disparate treatment" because other "similarly situated" majors twice passed over for promotion were offered selective continuation in three– or four–year increments before and after the plaintiff's own separation from active duty. Ptf.'s Opp'n Def.'s Mot. Dismiss at 6–8. In this action, the plaintiff seeks $81,762.00 in separation pay, plus interest, attorney's fees and costs.

The government has moved to dismiss the plaintiff's claim for failure to state a money-mandating claim or, alternatively, for failure to state a claim under section 1174(a)(1) or (2). The government asserts that the Army's denial of separation pay was in accordance with section 1174(a)(4), and therefore the plaintiff has not provided any basis for receiving separation pay. In support of its motion, the government argues that the regulations cited by the plaintiff did not *require* that the Army offer him no more than a three-year period of selective continuation. To the contrary, the government contends that the Army's decision to offer the plaintiff continuation in service until retirement, rather than in three-year increments, was authorized by the subject regulations and is not

---

7. Specifically, the plaintiff claims:

   At the time of Plaintiff's separation from active duty, he had more than six but less than twenty years of active service. Pursuant to Defense Department Directive 1320.8 and [Army Reg.] 600–8–29 1.14c, the Army should not have selectively continued Plaintiff on active duty till [sic] his retirement eligibility. Per [Army Reg.] 600–8–29 [para.] 1.14c, the Army should have offered Plaintiff selective continuation in a three-year increment.

   Am. Compl. ¶ 15. Both of these regulations predate the addition of subparagraph (4) to section 1174(a) in 2000, which governs separation pay.

8. Although the plaintiff claims in his filings before this court and in his argument in front of the ABCMR to have detrimentally relied on various statements and historical practices of the military, he has not articulated a claim of equitable estoppel against the defendant. *See* Am. Compl. ¶ 16; AR at 11. Furthermore, the court notes that "judicial use of the equitable doctrine of estoppel cannot grant respondent a money remedy that Congress has not authorized." *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 426, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) (citation omitted). Because the court finds that Congress has not authorized separation pay in the plaintiff's situation, the plaintiff cannot claim that the government is estopped from denying him separation pay.

subject to judicial review. The government also argues that the plaintiff has not alleged any facts in his complaint or presented any evidence in the record before the ABCMR to support his allegations that the Army misapplied its regulations or that he was the subject of disparate treatment. For all of these reasons, the government argues that plaintiff's case must be dismissed either for lack of jurisdiction under RCFC 12(b)(1) for failing to establish a money-mandating claim or for failure to state a claim for relief under RCFC 12(b)(6). The government also asks, in the alternative, that the court enter judgment in favor of the government upon the administrative record pursuant to RCFC 52.1.

## II. DISCUSSION

### A. Standards of Review for Motions to Dismiss

The government has moved to dismiss the plaintiff's claim for separation pay for lack of jurisdiction under RCFC 12(b)(1) and for failure to state a claim under RCFC 12(b)(6). In deciding on a motion to dismiss on either ground, the court is obligated to assume all factual allegations to be true and to draw all reasonable inferences in the plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995). If the facts are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 1974, 167 L.Ed.2d 929 (2007). However, a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Id.* at 1965.

### B. The Standard and Scope of Review for Decisions of Boards of Correction of Military Records

■ The court reviews the decisions of boards of correction of military records under the same standard as it reviews other agency action and will not disturb the decision unless it is "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Chambers v. United States*, 417

F.3d 1218, 1227 (Fed.Cir.2005) (*citing Haselrig v. United States*, 333 F.3d 1354, 1355 (Fed.Cir.2003)). The focal point of the review is the administrative record as presented to the board. *Metz v. United States*, 466 F.3d 991, 998 (Fed.Cir.2006).

■ In this case, the government has moved to dismiss the plaintiff's claims pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction and pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. The government has also moved for judgment on the administrative record pursuant to RCFC 52.1. As the Federal Circuit made clear in *Metz*, as long as the plaintiff has made a claim under a money-mandating statute or regulation under which he or she may be eligible for compensation, the plaintiff has stated a money-mandating claim sufficient to survive a motion to dismiss under 12(b)(1). *Metz*, 466 F.3d at 998. Whether the plaintiff has stated a claim for separation pay under the statute is examined under Rule 12(b)(6). *See Metz*, 466 F.3d at 997–98; *see also Fisher v. United States*, 402 F.3d 1167, 1175–76 (Fed.Cir.2005) (en banc) (holding that where the Court of Federal Claims found jurisdiction because the plaintiff identified a money-mandating source for his claim, "the consequence of a ruling by the court on the merits, that plaintiff's case does not fit within the scope of the source, is simply this: plaintiff loses on the merits for failing to state a claim on which relief can be granted"), *cited with approval in, e.g., Doe v. United States*, 463 F.3d 1314, 1324 (Fed.Cir.2006).

■ Because section 1174 authorizes separation pay in specified cases, the statute is money-mandating and the court has jurisdiction over the case. *Metz*, 466 F.3d at 998. Here, the plaintiff contends that he is entitled to separation pay because the Army erred in selecting him for continuation for retirement on the grounds that his selection was barred under Army and DOD regulations and because his selection subjected him to disparate treatment. Under *Metz*, resolution of this issue is a merits determination, which will be based on review of the administrative record made before the military cor-

rections board. *Id.* Thus, if the plaintiff can establish that the ABCMR erred, he will be entitled to compensation.

### C. The ABCMR Decision Is Correct and the Plaintiff Is Not Entitled to Separation Pay.

It is well-settled that a claim for military pay, including separation pay, is controlled by statute and not by the subjective expectations of a service member. *United States v. Larionoff,* 431 U.S. 864, 869, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977) (" '[A] soldier's entitlement to pay is dependent upon statutory right,' and ... the rights of the affected service members must be determined by reference to ... statutes and regulations ..., rather than to ordinary contract principles." (*quoting Bell v. United States,* 366 U.S. 393, 401, 81 S.Ct. 1230, 6 L.Ed.2d 365 (1961) (internal citation omitted))). In this case, the right to separation pay is governed by the provisions of section 1174, which state that a military officer separated from active duty may be eligible for separation pay under specified circumstances. In particular, sections 1174(a)(1) and (2) authorize separation pay when an officer who has completed more than six years but less than twenty years of active service is discharged. Importantly, however, the right to separation pay is limited by the Floyd D. Spence National Authorization Act for Fiscal Year 2001, Pub.L. No. 106–398, 114 Stat. 1654A–107 (2000), which amended section 1174(a) to include a new part (4). Under section 1174(a)(4), when an officer "is selected for, and declines, continuation on active duty for a period that is equal to or more than the amount of service required to qualify the officer for retirement" the officer *"is not entitled to separation pay."* (emphasis added). It is not disputed that in 2002, Mr. Siemietkowski was selected for continuation on active duty until retirement. He was therefore subject to the limitations of the new section 1174(a)(4), and therefore, he cannot claim a statutory right to separation pay under sections 1174(a)(1) or (2).

Recognizing this statutory constraint, however, Mr. Siemietkowski argues that he has a claim for relief because the Army erred in the first instance by selecting him for active duty service until retirement. He argues that under the applicable regulations, he should not have been selected for continuation until retirement, and therefore he should have received separation pay.

▆▆ As an initial matter, it is well-settled that the merits of a military personnel decision regarding promotion or retention are generally beyond judicial review. *See Fisher,* 402 F.3d at 1177 ("When there is a question of whether reasonable process has been followed, and whether the decision maker has complied with established procedures, courts will intervene, though only to ensure that the decision is made in the proper manner." (*citing Murphy v. United States,* 993 F.2d 871, 874 (Fed.Cir.1993) ("[T]he merits of the Air Force's decision to release [an officer] from active duty are beyond judicial reach....."))); *Sargisson v. United States,* 913 F.2d 918, 921 (Fed.Cir.1990) (absent procedural error, the decision to release surplus officers and who should be released was a decision for the military to make); *Voge v. United States,* 844 F.2d 776, 779–80 (Fed.Cir.1988) (under statute providing for special pay to medical officers, the decision whether to terminate the award was for the military to make and was nonjusticiable); *Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983) ("[R]esponsibility for determining who is fit or unfit to serve in the armed services is not a judicial province."). The court will intervene only to ensure that the decision was made in a proper manner. *Fisher,* 402 F.3d at 1177. The court will not second-guess the merits of the personnel decision once the court is satisfied that the decision was made in accordance with the proper procedures. *Adkins v. United States,* 68 F.3d 1317, 1323 (Fed.Cir.1995). However, "the courts can review promotion decisions for violations [of] the Constitution, statutes, or regulations." *Lewis v. United States,* 458 F.3d 1372, 1377 (Fed.Cir.2006) (*citing, e.g., Roth v. United States,* 378 F.3d 1371, 1386–87, 1393 (Fed.Cir.2004) (holding promotion decision was unlawful because "Officer Effectiveness Reports" were adversely affected by violation of Air Force Regulation 36–10; requiring Air Force to reevaluate promotion decision); *Berkley v. United States,* 287 F.3d 1076, 1090–91 (Fed.

Cir.2002) (addressing claim that reduction-in-force violated officers' Fifth Amendment right to equal protection by taking into account racial and gender characteristics in selecting them for involuntary separation)). Tested by these standards, the court finds that the Board correctly determined that the Army did not violate any regulations or directives in selecting the plaintiff for continuation until retirement.

1. **The Plaintiff Failed to Show that the Government Misapplied Its Regulations in Selecting the Plaintiff for Continued Service Until Retirement.**

■ The plaintiff contends that under Army Reg. 600–8–29, para. 1.14c, the "normal practice" of the Army at the time of the plaintiff's separation from active duty was to select majors twice passed over for promotion for continuation of service in three-year increments. Regardless of the "normal practice," the plaintiff fails to address the last sentence of the subject regulation, which states that the Secretary of the Army "may adjust the period of selective continuation" until retirement when required by the needs of the Army. Army Reg. 600–8–29, para. 1.14c. Moreover, as discussed above, the Army has now specifically changed its regulations with regard to JAG officers, and now the "normal" course is to "seek selective continuation for all majors who have been non-selected to lieutenant colonel. Normally, selectively continued majors will continue to serve on active duty until eligible for retirement under … section 3911." JAGC Personnel and Activity Directory, JAG Publication 1–1, Para. 10–10. The JAG's policy decision is consistent with the applicable statutory authority, which states that "an officer subject to discharge … *may, subject to the needs of the service,* be continued on active duty if he is selected for continuation on active duty by a selection board convened under section 611(b)…." 10 U.S.C. § 637(a)(1) (emphasis added). Because the Army Secretary's action in selecting the plaintiff for continued active duty until retirement was based on the needs of the service as authorized by statute and regulation, the ABCMR did not err in concluding that the plaintiff was not entitled to separation pay on the grounds that the Secretary violated its "normal practice" when the Army decided to extend his service until retirement.

Similarly, the ABCMR did not err in finding that the plaintiff failed to establish any violation of DOD Directive 1320.8. The plaintiff asserts that pursuant to this directive, twice-non-promoted majors shall be offered selective continuation until retirement eligibility "only if they were within six years of such retirement eligibility," which was not the plaintiff's situation. Ptf.'s Resp. to the Court's Orders of Oct. 2 and Oct. 30, 2008 at 2. The government responds that the directive, read together with section 637 and Army Reg. 600–8–29, as discussed above, gives the Army the discretion to adjust the period of selective continuation. Def.'s Reply at 4. DOD Directive 1320.8 states that majors twice-non-selected for promotion "shall normally be selected for continuation … if the officer will qualify for retirement within six years of the date of such continuation." DOD Directive 1320.8 para. 4.3. However, the language of this paragraph is not exclusive, and the Secretary is not constrained from offering selective continuation to other majors twice-non-selected who are not within six years of retirement eligibility. In such circumstances, the court agrees with the defendant that because the Army has discretion to adjust the period of selective continuation, the Army did not violate the directive by continuing a major who was more than six years away from retirement. The ABCMR therefore did not err when it concluded the DOD Directive 1320.8 did not bar the Army from selectively continuing the plaintiff until retirement based on the needs of the service.

2. **The Plaintiff Failed To Allege A Basis for A Finding of "Disparate Treatment."**

■ In seeking separation pay, the plaintiff also alleges that the Army subjected him to "disparate treatment" in selecting him for continued service until retirement while offering other majors twice-non-selected for promotion three- or four-year terms of selective continuation. The plaintiff apparently bases his claim on an email he received prior

to his discharge, in which [the chief] of the PP & TO had indicated that despite the new section 1174(a)(4), there was a "way around it.... We offer [selective continuation] in three[-] or four[-]year increments." AR at 28. In support of this assertion, the plaintiff alleges that six other JAG majors twice non-selected for promotion were not selected for continuation until retirement, but were selected for only three- or four-year intervals. AR at 11.

It is true that the "equal protection component of the Due Process Clause of the Fifth Amendment" protects federal employees from unconstitutional disparate treatment. *Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1317 (Fed.Cir.2003). The Federal Circuit has recognized that this applies to Army personnel. *Berkley*, 287 F.3d at 1083–84. However, unless the "disparate treatment" results from a classification drawn on suspect-or quasi-suspect lines, or it impinges on the exercise of a fundamental right, the court is required to use rational basis review. *Boyer*, 81 Fed.Cl. 188, 204 (2008) (citing *Briggs*, 331 F.3d at 1317). With regard to such rational basis review, the Federal Circuit has stated:

> On a rational basis review, a classification bears a strong presumption of validity, and the burden of persuasion is on a challenger to show the absence of a rational basis. A rational basis is "any reasonably conceivable state of facts" that support the classification. Such facts may be based on "rational speculation unsupported by evidence or empirical data."

*Briggs*, 331 F.3d at 1318 (*quoting Fed. Commc'ns Comm'n v. Beach Commc'ns, Inc.* ("Beach Commc'ns") 508 U.S. 307, 313, 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993) (citations omitted)).

In this case, the plaintiff concedes that his "disparate treatment" claim is not based on any violation of his "equal protection" rights. Ptf.'s Resp. to Oct. Orders at 3. Rather, he contends that the decision to selectively continue him until retirement and to not continue six other majors for selective continuation until retirement by itself amounts to "disparate treatment."

While the plaintiff asserted before the ABCMR that he was treated unfairly, he did not present any facts to suggest there is no "reasonably conceivable state of facts" that would support the Selection Board's decision to continue him until retirement and not to continue certain other JAG majors. *Briggs*, 331 F.3d at 1318 (*quoting Beach Commc'ns*, 508 U.S. at 313, 113 S.Ct. 2096). Accordingly, the ABCMR properly evaluated the plaintiff's contention that he was treated "unfairly" under a rational basis standard.

Moreover, the mere fact that the Army decided not to select other majors for continued service until retirement does not by itself establish "unfairness" or demonstrate "irrational" decisionmaking. To the contrary, as demonstrated above, under the applicable statutes and regulations, the Army was fully authorized to make a selection determination that was based on individual circumstances. Therefore, absent evidence in the record to show that the Army's decision to select the plaintiff for continuation until retirement and not to continue others could not be rationally supported on any grounds, the plaintiff cannot show how the ABCMR erred in concluding that he was not "treated unfairly." AR at 6. In such circumstances, the ABCMR's conclusion that the plaintiff failed to demonstrate that he was treated unfairly was not arbitrary or capricious.

## CONCLUSION

For all of the above-stated reasons, the Clerk is directed to enter an order granting judgment on the administrative record to the government. Each party is to bear its own costs.