NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JIM GARCIA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1216

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01222-RTH, Judge Ryan T. Holte.

---

Decided: May 9, 2024

---

JIM GARCIA, Visalia, CA, pro se.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before DYK, PROST, and STARK, *Circuit Judges.*

PER CURIAM.

Mr. Jim Garcia, an Army veteran, appeals a decision of the Court of Federal Claims. In the Court of Federal Claims, Mr. Garcia sought an increase in his combat-related special compensation ("CRSC") and associated back pay as well as compensation for emotional and psychological stress caused by the Defense Finance and Accounting Service ("DFAS"). The trial court dismissed Mr. Garcia's emotional and psychological stress claims for lack of subject matter jurisdiction. It also granted judgment against Mr. Garcia on his request to increase his CRSC payment. We affirm.

I

Mr. Garcia joined the United States Army in 1986. He was medically retired in 2001, after having been found physically unfit because of a cognitive disorder. Following his retirement, the Department of Veterans Affairs ("VA") granted Mr. Garcia a 70% disability rating. However, because Mr. Garcia also received an individual unemployability ("IU") rating, he became entitled to disability compensation at the same level as a veteran who has a 100% disability rating. In November 2014, Mr. Garcia applied for CRSC based on his cognitive disorder and associated depression, anxiety, and delusional disorder. He was granted CRSC in December 2017.

In January 2018, DFAS sent Mr. Garcia a letter acknowledging his eligibility for CRSC and listing his CRSC entitlement "at 70% plus IU." I.A. 24.[1] This DFAS letter also stated that Mr. Garcia's CRSC was capped at $1,197

---

[1]    "I.A." refers to the "Informal Brief Appendix," ECF No. 8, filed by Mr. Garcia. "S.A." refers to the supplemental appendix, ECF No. 9, filed by the government.

per month. *See id.* In February 2018, in response to correspondence from Mr. Garcia, DFAS provided an explanation for the $1,197 CRSC cap: he was subject to a "[s]pecial rule for retirees with fewer than 20 years of service," under 10 U.S.C. § 1413a, limiting CRSC payment to the retired pay percentage (here, 2.5%) multiplied by the number of creditable years of service (14.91 years) and his retired base pay ($2,348.26 per month), which equaled $875. S.A. 43. After application of Cost-of-Living Adjustments ("COLA"), that payment as of February 2018 had grown to $1,197 monthly.

The DFAS letter expressly rejected Mr. Garcia's contention that Department of Defense Financial Management Regulation (DoD 7000.14-R) Volume 7B ("DoD FMR 7B"), Chapter 63 ¶630801.C entitles him to a higher amount of CRSC.[2] DFAS explained that while Mr. Garcia's "gross disability percentage for purposes of CRSC" is 100%,

---

[2]    Mr. Garcia and DFAS refer to the 2017 version of DoD FMR 7B, which provides:

Retired Members Considered Unemployable. DFAS must coordinate with VA to ascertain whether a member is compensated by VA under 38 USC § 1114(j) by virtue of a rating of Individual Unemployability on the basis of being unemployable under the provisions of 38 CFR 4.16 or 4.18, for any member whose current combined combat-related disability percentage is 60 percent or greater. Such member will be given a combined gross CRSC disability, which is rated as total or 100 percent.

DoD FMR 7B at 63-12, ¶630801.C (Oct. 2017). The most recent version of DoD FMR 7B has modified this language. *See* DoD FMR 7B at 63-13, ¶8.1.3 (May 2022).

GARCIA v. US

because he "retired with fewer than 20 years of service under Chapter 61 of Title 10, the Special Rule still applies to limit the amount of CRSC that [he] may receive." S.A. 44. In January 2020 and May 2021, DFAS sent Mr. Garcia additional letters addressing the same issue.

In June 2019, Mr. Garcia petitioned the Army Board for Correction of Military Records ("Board") to correct his records to change his "CRSC pay from 70% to 100%." S.A. 42. On November 2, 2019, the Board denied the request because Mr. Garcia did not provide "any documentary evidence of VA adjudication showing Individual Unemployability with a total disability compensation rating greater than 70%." I.A. 10. In November 2020, Mr. Garcia filed another application with the Board, attaching to it a VA document showing that he was assigned a 70% disability rating with an IU rating. S.A. 39-40. The Board denied this application as well, noting that Mr. Garcia was receiving "the maximum permitted amount under the statute." I.A. 18.

In September 2022, Mr. Garcia filed his complaint in the Court of Federal Claims, seeking an increase in his CRSC pay as well as compensation for emotional and psychological stress he alleged was caused by DFAS. The court granted the government's motion for judgment on the administrative record on the pay claim and dismissed the two tort claims for lack of subject matter jurisdiction.

Mr. Garcia timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review a decision of the Court of Federal Claims granting a motion for judgment on the administrative record de novo. *See Haselrig v. United States*, 333 F.3d 1354, 1355 (Fed. Cir. 2003). Hence, we apply the same standard as the trial court. *See id.* Accordingly, we will affirm the Court of Federal Claims unless the Board's decision is

arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *See id.* Mr. Garcia, as appellant, bears the burden to prove one of the foregoing by "cogent and clearly convincing evidence." *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986) (internal quotation marks omitted).

## III

The principal issue raised by Mr. Garcia is whether DoD FMR 7B, Chapter 63 ¶630801.C exempts a veteran with a total disability based on IU from the CRSC cap imposed by 10 U.S.C. § 1413a.[3] We agree with the Court of Federal Claims that it does not. Nothing in ¶630801.C states nor even suggests that a veteran with an IU rating is not subject to the cap imposed by 10 U.S.C. § 1413a. On the contrary, the regulation imposes the same cap as the one imposed by 10 U.S.C. § 1413a.

Specifically, ¶6308 provides that the "amount prescribed in paragraph 630801 [is] reduced as prescribed in paragraph 630805." DoD FMR 7B at 63-12. Paragraph 630805.B.2, in turn, states that "[m]embers retired . . . with less than 20 years of creditable service . . . will have the maximum CRSC payment restrictions . . . . [Thus, t]he CRSC payment amount . . . will not exceed the amount that is equal to 2 $\frac{1}{2}$ percent of the member's years of creditable service multiplied by the member's retired pay base . . . ." DoD FMR 7B at 63-15. This language mirrors that of 10 U.S.C. § 1413a. Accordingly, as the Court of Federal Claims rightly held, the Board's decision to deny correction of Mr. Garcia's CRSC pay was not arbitrary and capricious.

---

[3] Mr. Garcia does not challenge the dismissal of his tort claims for lack of subject matter jurisdiction.

While DFAS has been neither clear nor consistent in its terminology – using the terms "disability rating," "total disability," "IU rating," and "special compensation" in a confusing manner – the record is clear that DFAS correctly recognized Mr. Garcia's IU rating entitled him to disability compensation at the same level as a veteran having a 100% disability rating. *See, e.g.*, I.A. 9 (Board's initial decision indicating "the attached [VA] decision shows Individual Unemployability") (internal emphasis omitted); I.A. 16 (Board's second decision noting Mr. Garcia "is rated at 70% [but] is paid at the 100% rate due to Individual Unemployability") (internal emphasis omitted); S.A. 44 (explaining DFAS used 100% disability percentage for purposes of CRSC). Even for the purposes of determining the maximum *potential* CRSC, DFAS correctly used the compensation amount that corresponded to a 100% disability rating. *See* Gov't Br. at 13 n.10 (noting Mr. Garcia's maximum potential entitlement to CRSC of $3,319.67 corresponds to 100% disability for veteran with spouse and no children as of 2018). Again, the reason why Mr. Garcia's CRSC pay is capped is because 10 U.S.C. § 1413a imposes a cap on CRSC for veterans having fewer than 20 years of creditable service. In other words, the cap on Mr. Garcia's CRSC is not based on Mr. Garcia's disability rating or his IU rating; it is based on his years of service.[4] Mr. Garcia has at no point alleged that DFAS miscalculated his number of years of creditable service. Thus, we affirm the grant of

---

[4] While Mr. Garcia's disability compensation is the same as a veteran with a 100% disability rating because of his IU rating, Mr. Garcia's disability rating is, nonetheless, 70%.

judgment for the government on Mr. Garcia's claim for increased CRSC.[5]

IV

We have considered Mr. Garcia's remaining arguments and find them unpersuasive.[6] Because Mr. Garcia failed to demonstrate that the Court of Federal Claims erred in granting judgment on the administrative record to the government, we affirm.

**AFFIRMED**

COSTS

No costs.

---

[5] To the extent there was any procedural error by the Board, as Mr. Garcia alleges – and even the government concedes "it is possible that there was a violation of the requirement of the board to notify the claimant of any missing information," Gov't Br. at 21 – it was harmless, as the document he contends the Board failed to consider is the VA letter showing that his disability rating was 70% disability with IU, *see* I.A. 9, 16.

[6] Mr. Garcia alleges that the Board colluded with DFAS in violation of a federal criminal statute, 18 U.S.C. § 242. *See* Opening Br. at 18. The Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). We, too, lack jurisdiction over this contention. *See* 28 U.S.C. § 1295.